GRAND TRUNK RAILWAY COMPANY

*vs.*

MARIA M. LATHAM, Administratrix.

*Liability of servant to master for consequence of misconduct. Practice.*

A servant is liable to an action at the suit of his master, when a third person has brought an action and recovered damages against the master for injuries sustained in consequence of the servant's negligence or misconduct.

The servant is liable for the costs and counsel fees in such suit, incurred in the defence, he having been notified of its pendency, and having requested his master to defend.

A requested instruction must be correct in its entirety; otherwise, it is properly refused.

ON EXCEPTIONS.

ASSUMPSIT to recover the amount of a judgment recovered by David W. Benson and wife against the Grand Trunk Railway Company, together with the costs and expenses of the corporation in defending against that suit, which was brought to obtain damages for the maltreatment of the female plaintiff, and the misconduct of the defendant's intestate, Addison A. Latham, then a conductor upon said railroad, having charge of its train upon which Mrs. Benson was a passenger. The verdict there was in favor of Mr. and Mrs Benson for $475. The whole expense of that case to the Grand Trunk Railway Company, including the verdict, costs, its counsel and witnesses' fees, &c., was $792.20. Upon the trial of the present action, the judgment in that case was put in evidence, and the only witness called upon the stand (the attorney for the railway company) detailed substantially the evidence upon which it was obtained; that it was on account of Latham's gross misbehavior toward Mrs. Benson, repeatedly calling her a liar, &c., &c. The witness added that he told the deceased that the company would hold him liable to reimburse them, and advised him to settle, but Latham thought this could not be done for any reasonable sum, and requested that a defence be made, which was

done, he attending the trial, suggesting questions to be asked, testifying himself, &c. The controversy between him and Mrs. Benson arose from her claiming the right to ride to West Paris upon a ticket which, he said, only entitled her to be carried to South Paris, the difference in distance being nearly ten miles. The jury returned a verdict for the whole expense incurred by the railway company relative to the Benson suit, including counsel fees, costs, &c.

At the plaintiffs' request the jury were instructed that, "an employer may recover in an action against his servant for all the loss and damage caused by the servant's breach of duty. It was the duty of Latham, in the exercise of his vocation as conductor, to treat all passengers civilly and respectfully; and if he failed to do so, and in consequence of such failure his employers sustained loss and damage, he is liable for all the loss and damage so sustained."

The defendant asked the court to rule, "That this action cannot be maintained; that, if maintainable, the plaintiffs cannot recover for counsel fees and disbursements in conducting the suit, Benson *vs.* Grand Trunk Railway Company; or, necessarily, the amount of the judgment paid by them, but only the actual damage to Mrs. Benson, caused by the improper conduct of Latham, if any there was." The court declined so to rule, and the defendant excepted to the instruction given, and to the refusal to give those requested by her counsel.

*S. C. Strout* and *H. W. Gage*, for the defendant.

No written demand made on defendant, as administratrix, thirty days before suit, and none proved, as required by R. S., c. 87, § 12, as amended by Public Laws of 1872, c. 85, § 12.

The deceased was never notified to defend the Benson suit, or given any opportunity to assume charge of the defence. Therefore this is not like the cases of *Veazie* v. *Penobscot R. R. Co.*, 49 Maine, 119, and *Portland* v. *Richardson*, 54 Maine, 46. The talk was with the counsel of the railway company, in the course

of his prosecution of the defence for the corporation; otherwise, if it was as Latham's counsel, it could not be given in evidence. Latham should have been offered the opportunity and invited to defend, to have the judgment binding upon him. Freeman on Judgments, § 181; *Turpin* v. *Thomas*, 2 Hen. & Manf., 139; *Davis* v. *Wilborne*, 1 Hill, 28; *Paul* v. *Whitman*, 3 W. & S., 407; *Sampson* v. *Chelsea*, 22 Cal., 200; *Thrasher* v. *Haines*, 2 N. H., 443; *Jones* v. *Steele*, 50 Barb., 397.

In cases where punitive damages are recoverable it does not follow that the party responsible over is liable for the full amount of the original judgment; because this class of damages is based partly upon the wealth of the defendant. *Goddard* v. *G. T. Ry. Co.*, 57 Maine, 221.

Shall a poor employee be held responsible for punitive damages, based upon the millions of property owned by his employer?

Mrs. Benson received no actual injury; the damages were entirely punitive.

In an action of trespass, or trespass on the case, the estate of a deceased person is liable only for actual damages. R. S., c. 87, § 9. Shall more than this be recovered indirectly, simply by changing the form of action?

The verdict was erroneous, in that it included counsel fees. Sedgwick on Damages, *78, *96; *Bernard* v. *Poor*, 21 Pick., 378; *Reggio* v. *Braggiotti*, 7 Cush., 166; *Cushman* v. *Blanchard*, 2 Maine, 266.

*J. & E. M. Rand*, for the plaintiffs.

The Benson suit settled that Latham's conduct to Mrs. Benson was a clear breach of duty; whatever damages his employers thereby sustained were recoverable from him, and he was liable to make full indemnity. Story on Agency, § 217; *Ashley* v. *Root*, 4 Allen, 504, and cases there cited. *Proprietors of Locks and Canals* v. *Lowell Horse Railroad Co.*, 109 Mass., 225. The record of the Benson judgment established liability and amount; and parol evidence was admissible to show the grounds of decision. *Merritt* v. *Morse*, 108 Mass., 275.

APPLETON, C. J.   A judgment was recovered against the plaintiff corporation for the misconduct of the defendant's intestate—a servant in their employ. This suit is brought to recover compensation for the loss and injury by them sustained in consequence of such misconduct.

The presiding justice instructed the jury that an employer might recover in an action against his servant for all loss and damage caused by the servant's breach of duty, and that it was the duty of Latham (the defendant's intestate) in the exercise of his vocation as conductor, to treat all passengers civilly and respectfully; and if he failed to do so, and in consequence of such failure his employer sustained loss and damage, he is liable for all the loss and damage so sustained.

Every servant is bound to take due care of his master's property entrusted to him. If guilty of gross negligence, whereby it is injured, he is liable to an action. So, too, if guilty of fraud or misfeasance, whereby damage has accrued to his master.

A servant is liable to an action at the suit of his master, when, a third person has brought an action, and recovered damages against the master, for injuries sustained in consequence of the servant's negligence or misconduct; and in such action against the servant, the verdict against the master, in the action brought against him, is evidence as to the *quantum* of damages, though not, according to some of the English authorities, as to the fact of the injury. Smith's Master and Servant, 66.

The evidence shows that Latham was notified of the pendency of the suit against the plaintiffs; that he was present and a witness at the trial; that he was advised and requested to settle; and that the defence was made by the plaintiffs at his request, and that he was fully informed that he would be held responsible for the amount recovered against the plaintiffs. The principles established in *Veazie* v. *Penobscot R. R. Co.*, 49 Maine, 119, and in *Portland* v. *Richardson*, 54 Maine, 46, are applicable to the case at bar.

The defendant's counsel requested the court to instruct the jury

that the plaintiffs could not recover for counsel fees and disbursements in conducting the suit against the plaintiffs; or, necessarily, the amount of the judgment paid by them, but the only actual damages to Mrs. Benson, (the plaintiff in that suit) caused by the improper conduct of Latham, if there was any.

This instruction the court declined to give.

The defendant's intestate had been guilty of gross misconduct. It was his duty to settle the suit brought against his employer for damages caused by such misconduct. Instead of so doing he requested that a defence should be made. Having requested the plaintiff to defend, and being present at the trial as a witness, he cannot object to the costs and expenses which accrued in consequence of complying with his request.

The instruction, as requested, should not have been given. It is unnecessary to consider the other portion of the requested instruction, for it is not the duty of the court to dissect a request and eliminate its errors. It is sufficient, therefore, that the request, in its totality, was erroneous. It is not, therefore, important to discuss the residue. *Exceptions overruled.*

WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.