## City of Louisville v. Davis, et al.

(Decided January 29, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Municipal Corporations—Liability of Abutting Owner to for Defective Premises Causing Accident.—Where a municipal corporation is required to pay damages for an accident sustained on its streets caused by the negligence of an abutting property owner,

the city may recover from him the amount of damage it was required to pay to the injured party.

2.    Municipal Corporations—Liability of Abutting Owner for Accident Caused by His Negligence—Notice of Suit Against City—Effect of.—When a city is sued for damages caused by a defect in its streets it may notify the abutting owner, whose negligence caused the accident, and call on him to defend the suit, and if he fails to do so and judgment goes against the city it may recover from him the amount of the judgment; but if the property owner is not notified, he has a right, when sued by the city, to make the defense that the accident was not due to his negligence.

LEON P. LEWIS, PENDLETON BECKLEY for appellant.

STANLEY R. WOLF for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Mrs. Gavronsky, while walking on Second street in the city of Louisville, claimed that she caught her foot in a defective and unsafe place in a cellar door extending into the sidewalk and fell, sustaining serious injuries. In a suit against the city to recover damages for its alleged failure to keep its sidewalk in a reasonably safe condition for travel, she recovered a judgment against the city. After having satisfied this judgment, the city brought this suit against the appellee, Davis, owner of the abutting property, seeking to recover from him the amount paid Mrs. Gavronsky, upon the theory that the negligence of Davis in permitting the cellar door, that furnished an entrance into the basement of his property, to become and remain in such a defective and unsafe condition as to render the street at that place unsafe for travel was the cause of the injury to Mrs. Gavronsky. For defense to this suit Davis was allowed by the trial court to plead and prove that the cellar door was not unsafe and that Mrs. Gavronsky was not injured by any defect in its condition.

This character of defense Davis was permitted to make because it did not appear that Davis had any notice of the suit brought by Mrs. Gavronsky against the city.

On the trial of this case the jury, after hearing all the evidence introduced in relation to the condition of the cellar door, returned a verdict in favor of Davis, and the city prosecutes this appeal, insisting that the trial court committed error in permitting Davis to make the defense he did and in failing to instruct the jury that the

verdict and judgment against the city in the case of Mrs. Gavronsky was conclusive evidence of the negligence of Davis. In other words, it is insisted in behalf of the city that "when a municipality is compelled to respond in damages for a defect in a highway created by an adjacent building, the owners of the building are bound by that judgment, even though not actually notified of the pendency of the original action, if the municipality made diligent effort to bring such notice to them and properly defended the original suit."

It may be conceded that in the suit of Mrs. Gavronsky the defense on the part of the city was fully prepared and skillfully presented, and it may also be admitted that the city made diligent efforts to notify Davis of the pendency of the suit brought by Mrs. Gavronsky, but it does not follow from these admissions that the judgment against the city was conclusive of the liability of Davis or that the judgment precluded him from making the defense in this action that the injury to Mrs. Gavronsky was not attributable to his negligence.

If Davis had been notified by the city of the pendency of her suit and called upon to defend it, the judgment against the city would be conclusive of his liability and the city would have the right to institute an action against him to recover the amount of the judgment. Board of Councilmen v. Vanarsdell, 148 Ky., 507. But as Davis was not notified by the city of the pendency of the suit, he had the right, in this action, to make the defense that his negligence did not cause the injury to Mrs. Gavronsky, and a judgment in his favor upon the facts is to be treated as any other judgment in a like case.

Counsel for the city, while recognizing the general rule that where notice of the pendency of the original suit has not been given to the person who is sought to be held ultimately liable, that person may, in a suit for indemnity, avail himself of all the defenses that were proper in the original case, attempts to take this case out of that rule upon the ground that the city diligently prepared and skillfully presented all the defenses that Davis could have made had he been a party to the suit or been notified of its pendency, and this condition, together with the fact that the city was unable, after diligent efforts, to notify Davis of the pendency of the suit, had the same effect as if he had actual notice of it.

We do not think so. When it is sought in cases like this to make a person not originally a party to the suit answerable for the judgment that may be given in it, it must first be shown that he was given an opportunity to defend it.

Every litigant is entitled to his day in court, and if we should hold that the judgment against the city was conclusive upon Davis, it would in effect be given a judgment against Davis in a suit to which he was not a party and of which he had no notice. The city had the right in this action to seek indemnity from Davis for the loss it sustained, but before it could recover the indemnity it was necessary that it should show that the loss it sustained was due to his negligence, and whether he was negligent or not was to be determined after a trial had in the usual way, as was done in this case.

We think the rulings of the trial court were correct, and the judgment is affirmed.