# E. R. Harding Company v. Paducah Street Railway.

(Decided May 5, 1925.)

## Appeal from McCracken Circuit Court.

1. Municipal Corporations—Contractor Held Liable for Injuries to Street Railroad Tracks.—Contractor, as well as city employing it, is liable for injuries to street railroad tracks from excavation made by it in constructing sewer.

2. Continuance—Defendant Held Not Entitled to Continuance, where Pleadings in Cross-Action Not Filed Before Case Called for Trial. —Contractor, sued for damages by street railroad company, held not entitled to continuance because cross-action against city was not ready for trial, where defendant's pleadings involving city were not filed until shortly before case was called for trial.

REED & BURNS for appellant.

WHEELER & HUGHES for appellee.

Opinion of the Court by Judge Sampson—Affirming.

The city of Paducah in its corporate capacity engaged appellant, Harding Company, to build and construct for the city certain main line sewers in 1923. At that time the appellee, Paducah Railway Company, had and maintained a line of track along Caldwell avenue, one of the thoroughfares through which the city proposed to lay one of the main line sewers. The plans and specifications for the construction of the sewer along Caldwell avenue required the ditch in which the sewer pipe was to be laid to be dug to a depth of sixteen (16) feet, and it was located flush with the ends of the ties of the railway track. A creek crossed under this street through a culvert or bridge. Originally there had been a sag or low place in this street at the culvert, but this had been filled with dirt and raised several feet, and hard surface placed on the road. The street car tracks passed over this culvert. Immediately after the sewer had been laid and the ditch closed heavy rains came and caused a slight slip of the dirt under the tracks towards the ditch in which the sewer had been laid and the tracks of the railway company to become out of line. This, it is admitted, resulted from the construction of the ditch and the laying of the sewer along the sides of the tracks. In restoring the tracks to their original condition the street railway company expended $621.06; and it brought this

action against the Harding Construction Company, which built the sewer line, to recover that amount in damages. The law and facts being submitted to the court, judgment for that amount was awarded the street railway company against the construction company, and this appeal results.

Appellee railway company filed no brief. For the appellant it is contended that the tracks of the railway company were left in better condition than they were before the sewer was laid; that the tracks were used constantly by the railway company up until long after the work was done; that the construction company did all any reasonably prudent contractor could or would have done under similar circumstances to prevent injury to the tracks of the street railway company and all that the city of Paducah required it to do by the contract; that the city accepted the work as constructed, according to the plans and specifications; that there was no negligence on the part of the construction company in the performance of the work, and if the tracks of the street railway were damaged it resulted from the cutting of the ditch at a place inherently dangerous, and the construction company, an independent contractor, is not liable, but the city alone is liable. In support of these contentions are cited the text of 14 R. C. L., pp. 87 and 106; Pearson v. Zable, 78 Ky. 171; Benner v. Atlantic Dredging Co. (N. Y.), 30 Am. St. Rep. 649; Kaler v. Puget Sound Co. (Wash.), 130 Pac. 894; Quin v. Peterson, 69 Wash. 208; Dillon on Municipal Corporations.

We have carefully read and considered the record and find that there is a contention by appellee, railway company, supported by evidence, that the walls of the ditch made by the construction company along the side of the street railway were not properly shored and braced to protect the tracks of the railway company from movement of the supporting soil. We conceive the rule to be that an independent contractor is liable jointly with the owner or employer for injury resulting from an excavation made immediately next to private property, which injury is the natural and reasonable result of the excavation and which the contractor and the owner must have anticipated would arise from the making of the excavation unless great caution was exercised to prevent it.

"Where one contracts for certain work to be done, and an injury is occasioned to a third person

as the direct result of the doing of the work, not as a result of the negligent acts of the contractor, the employer is liable for such injury. In other words, he is answerable for the injuries which necessarily follow the performance of the work and which are not the result merely of collateral negligence of the contractor. The theory of this liability is that the producer of a tort is answerable as a tort-feasor." 14 R. C. L., p. 86; Southern R. R. Co. v. Lewis, 165 Ala. 535, 51 So. 746, 138 A. S. R. 77; Bonaparte v. Wiseman, 89 Md. 12, 44 L. R. A. 482. See also 14 R. C. L., p. 93.

While the city may have been liable to the railway company for the injuries sustained by reason of the making of the ditch, we can conceive of no fair basis upon which the independent contractor might be entirely relieved from liability. If such liability may be avoided by the employment of an independent contractor one may destroy the property of his neighbor with impunity by engaging an irresponsible independent contractor and allowing him to do the work. For like reason may an insolvent owner engage an independent contractor to perform such work, and if the independent contractor is not liable the injured party is without remedy. In a case like the one we have before us we are of opinion that both the contractor and the city were liable for the injury done the street railway tracks, but the railway company had the option of bringing its action against either one or both of the wrongdoers. City of Louisville v. Heitkemper, Admrs., et al., 169 Ky. 167; Hutchison v. Ohio Valley Electric Railway Co., 183 Ky. 396; L. & E. Ry. Co. v. White, 182 Ky. 276.

Appellant also insists that inasmuch as it had made its answer a cross-petition against the city and the city was served with process but not in time for the cause against it to stand for trial at the term the case against appellant was called for trial, the court erred in overruling appellant's motion for a continuance of the cause. We do not think this ground well taken. In its original answer the city was not made a cross-defendant. In fact, the answer and cross-petition making the city of Paducah a party defendant was not filed until the case was called for trial, or about that time. As the street railway company had a right to prosecute its action against the appellant without joining the city as a party, it was

entitled to a trial of the cause at the term at which it was called, and the mere fact that defendant filed a cross-petition against a joint tort-feasor did not entitle it to a continuance of the cause. M. Livingston & Co. v. Philley, et al., 155 Ky. 224; Illinois Central R. R. Co. v. Louisville Bridge Co., 171 Ky. 445.

We find no sufficient ground for reversal of the judgment and it is, therefore, affirmed. Whole court sitting.

Judgment affirmed.