## Middlesboro Home Telephone Company and Tri-State Telephone Company v. Louisville & Nashville Railroad Company.

(Decided June 1, 1926.)

### Appeal from Bell Circuit Court.

1. Indemnity—Recovery Over as Between Wrongdoers May Not be had Where They are "In Pari Delicto."—As between joint tortfeasors, recovery over will not be allowed where parties are in pari delicto, all parties participating in moral delinquency or turpitude being deemed "in pari delicto."

2. Indemnity—Railroad Held Not "In Pari Delicto" with Telephone Company Owning Sagging Cable Resulting in Injury to Employee, and Hence Recovery Over Might be Had.—Where railroad employee recovered against railroad for injury received from sagging telephone cable on hypothesis that company should have discovered condition of cable, railroad held not "in pari delicto" with telephone company owning cable, and hence recovery over might be had.

3. Indemnity—One Notified of Pendency of Action and Refusing to Defend is Concluded on Questions Determined which are Material to Recovery Against Him in Action for Indemnity.—One who is notified of pendency of action and given opportunity to defend is concluded as to all questions determined therein material to recovery against him in action for indemnity by defendant in original suit.

4. Limitation of Actions—Amendment to Cause of Action for Indemnity, Seeking to Include Attorney's Fees, Held Integral Part of Cause of Action and Therefore Not Barred by Limitations, where Original Action was Not Barred.—In action for indemnity, amendment seeking recovery of attorney's fees held not an independent cause of action, but merely integral part of original cause of action, and therefore not barred by five-year statute of limita tions, where original action was filed before running of statute.

GEORGE C. WEBB, WM. BAXTER LEE and LEE, PRICE & MEEK for appellants.

LOW & BRYANT, WILLIAM LOW, WOODWARD, WARFIELD & HOBSON and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming in part and reversing in part.

For convenience the appellants, Middlesboro Home Telephone Company and Tri-State Telephone Company, will be referred to as the "telephone company," and the appellee, Louisville & Nashville Railroad Company, will be referred to as the "railroad company." The railroad company operates a line of railroad through the city of Middlesboro, Kentucky, its tracks crossing Longwood road, one of the streets of that municipality. The telephone company has a line of telephone extending along that street, and where it crosses the railroad its telephone lines are carried in a cable two or three inches in diameter, which, as originally placed, was fastened to poles on either side of the railroad track approximately 22 feet from the ground and high enough to leave ample clearance for railroad trains and cars without danger to employees who might be upon or about them. On

August 16, 1914, the hanger with which the cable was fastened to one of the poles had pulled loose and the cable had dropped upon and was supported by the telegraph line of the railroad company along its tracks. While in that condition Albert M. Mink, employed by the railroad company as a brakeman, while on top of one of the freight cars of a freight train, then passing under the telephone line, in the discharge of his duties, came in contact with the cable, was knocked down and received severe injuries. He instituted an action against the railroad company and recovered judgment for $1,350.00, which was affirmed by this court, in an opinion which may be found in 179 Ky., at page 626. Thereafter this action was instituted by the railroad company to recover from the telephone company the amount of that judgment, its interest and cost, and the cost incurred by it in defending the action. The telephone company by way of answer denied its liability, pleaded that Mink's injury was the result of the negligence of the railroad company, or of the joint negligence of the two companies for which it could not recover over. On the issues thus made the case went to trial; a jury was waived by agreement; and both the law and facts were submitted to the court for trial under a stipulation as to the facts. The trial court held that the railroad company was entitled to recover over and entered judgment in its favor accordingly. The appeal is prosecuted from that judgment.

It is insisted for the telephone company that this case falls clearly within that line of cases written by this court, of which City of Louisville v. Louisville Ry. Company, 156 Ky. 141; Owensboro City Railroad Company v. L. H. & St. L. R. R. Company, 165 Ky. 683; Cumberland Tel. & Tel. Company v. Mayfield Water & Light Company, 166 Ky. 429; and I. C. C. R. R. Company v. Louisville Bridge Company, 171 Ky. 445, are conspicuous examples, holding that courts will not lend their aid to bring about contribution or recovery over between joint *tort feasors*. On the other hand, the railroad company insists that even in those cases and in others, of which City of Georgetown v. Groff, 136 Ky. 662; and The Pullman Company v. C. N. O. & T. P. R. R. Company, 147 Ky. 498, are examples, this court has recognized the right of one wrongdoer less culpable than another to recover over although the wrong of each contributed to bring about the injury.

In our review of our own opinions and of those of the courts of other states and of the United States, in the consideration of the question presented by this appeal we are impressed that the outstanding opinion declaring the principles of law governing the questions now before us is that of the Supreme Court of the United States, in Washington Gas Company v. District of Columbia, 161 U. S. 316. In that case the gas company had been granted the right to use the streets of the city of Washington in laying its gas mains so as to supply that commodity to the residents of the city. An opening had been made through a sidewalk so that a valve on a gas line to a residence could be opened or closed as desired. The opening was protected by an iron covering set flush with the surface of the sidewalk which negligently had been left off for some time. As a result of the opening being left so unprotected a resident of the city was injured, sued the District of Columbia and recovered damages. The district thereupon sued the gas company for a recovery over. It resisted upon the ground that the district was a joint *tort feasor*. After first concluding the controversy between them that the legal duty rested primarily on the gas company to repair and supervise the gas box, the court reached the question as to whether or not there could be a recovery over. The opinion on that question reads:

"Second. Had the district a cause of action against the gas company resulting from the fact that it had been condemned to pay damages occasioned by the defective gas box, which it was the duty of the gas company to supervise and repair?

"An affirmative answer to this proposition is rendered necessary by both principle and authority. This court said in Chicago v. Robbins, 2 Black. 418, 422: 'It is well settled that a municipal corporation having the exclusive care and control of the streets, is obliged to see that they are kept safe for the passage of persons and property, and to abate all nuisances that might prove dangerous; and if this plain duty is neglected, and any one is injured, it is liable for the damages sustained. The corporation has, however, a remedy over against the party that is in fault, and has so used the streets as to produce the injury, unless it was also a wrongdoer.' And the same

doctrine is reiterated in almost the identical language in Robbins v. Chicago, 4 Wall. 657, 670.

"The principle thus announced qualifies and restrains within just limits the rigor of the rule which forbids recourse between wrongdoers. In the leading case of Lowell v. Boston & Lowell Railroad, 23 Pick. 24, 32, the doctrine was thus stated: 'Our law, however, does not in every case disallow an action, by one wrongdoer against another, to recover damages incurred in consequence of their joint offence. The rule is, *in pari delicto potior est conditio defendentis.* If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offences, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offence is merely *malum prohibitum,* and is in no respect immoral, it is not against the policy of law to administer justice between them, although both parties are wrongdoers.'

"In Brooklyn v. Brooklyn City Railroad, 47 N. Y. 475, 487, the same rule was applied, the court saying: 'Where the parties are not equally criminal, the principal delinquent may be held responsible to a codelinquent for damages paid by reason of the offense in which both are concerned in different degrees as perpetrators.' All the cases referred to involved only the right of a municipal corporation to recover over the amount of the damages for which it had been held liable in consequence of a defective street, occasioned by the neglect or failure of another to perform his legal duty. The rule, however, it not predicated on the peculiar or exceptional rights of municipal corporations. It is general in its nature. It has been applied to public piers. Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 144 N. Y. 663; Ib. 134 N. Y. 461. To the right of a property owner to recover for damages which he had been compelled to pay for a defective wire attached by a gas light company to the chimney of the owner's house. Gray v. Boston Gas Light Co., 114 Mass. 149. To the right of a master to recover over the damages which he had been obliged to pay in consequence of a servant's negli-

gence. Grand Trunk Railway Co. v. Latham, 63 Maine 177; Smith v. Foran, 43 Connecticut 244. Indeed, the cases which illustrate the rule and its application to many conditions of fact are too numerous for citation, and are collected in the text books. Wharton Neg. 246; 2 Thomp. Neg. 789, 1061; Sherman & Redfield Neg. (4th ed.) sec. 301; 2 Dillon Municipal Corporations, sec. 1035, and cases there referred to in note.''

That opinion has been referred to and approved by this court in nearly all the opinions written on the subject, and we have now quoted from it thus at length as expressing our views upon the principles of law now under consideration. The difficulty in determining the cases in which recovery over may be had and those in which it will be denied grows out of the misconceived idea expressed in some of the opinions that the rule is general that as between *tort feasors* recovery over will not be allowed, and that all cases in which it has been allowed are exceptions to the general rule. The general rule is that recovery over as between wrongdoers may not be had where they are *in pari delicto*. In all cases involving moral delinquency or turpitude all parties participating are deemed to be *in pari delicto*. The cases which have permitted recovery over have not been exceptions to the general rule, but have done so because they do not measure up to the rule which forbids recovery over, that is, the parties are found not to be *in pari delicto*. Bearing these principles in mind, the cases cited and relied on by the parties, appellant and appellee, fell into either one or the other class and have been decided accordingly.

We will now look to the facts of the case here presented in the light of the principles of law relating to the question. The telephone line and the telephone cable were the property of the telephone company. The railroad company owned no interest in them, was not charged with the duty of keeping them in repair, and in none save the limited state of case presented by the Mink case could be held responsible for the injuries resulting from the negligent failure to keep them in repair. The telephone company owned the telephone line and the cable. It was charged with the duty of keeping them in repair, and was liable without limit for all injuries that might result from its negligent failure so to do. The case here is exactly the same as has been presented to this and other courts in cases where a municipality, charged with the

duty of keeping its streets reasonably safe for travel, has for its negligent failure to do so been held liable for resulting injuries; but where a third party is primarily responsible for the defect which caused the injury a judgment over may be had. The Washington Gas Company case, *supra,* is a conspicuous example of such cases. City of Georgetown v. Groff, 136 Ky. 666, is an example of the same class of cases written by this court. As was pointed out in the Washington Gas Company case, *supra,* the rule under which in that class of cases municipalities have been permitted to recover over is not predicated on peculiar or exceptional rights in their favor as municipalities. Recovery over was permitted because the cases did not measure up to the general rule under which it is denied.

The case here presented can not be distinguished in principle from all the cases in which municipalities have been permitted to recover over when held liable for injuries resulting from defects in the streets which they are charged with the duty of maintaining in a reasonably safe condition for the traveling public where the defect causing the injury has been placed in the street by another.

The variety of the states of cases which do not measure up to the general rule that as between wrongdoers *in pari delicto* there can be no recovery over and in which recovery over has been permitted because not measuring up to the general rule is indicated in the Washington Gas Company case, *supra.* The Pullman Company v. C. N. O. & T. P. Railroad Company, 147 Ky. 498, presents an instance in which this court as between two wrongdoers, both of which were responsible to the injured party, permitted recovery over by one of them from the other because the case as presented did not measure up to the general rule forbidding recovery over or contribution between joint *tort feasors.* The wrongdoers were held to be not *in pari delicto,* and hence recovery over was permitted.

Appellant confidently relies upon Owensboro City Railroad Company v. L. H. & St. L. Ry. Company, 165 Ky. 683, as being a case wholly in point and authority which demands a reversal of the judgment herein. That case in some of its features is similar to the one now before us. The tracks of the trolley company crossed those of the steam railroad company. The trolley wires were strung so as not to be a menace to employees of the rail-

road company upon and about its trains. ' Those wires were negligently permitted to sag, and the injuries for which the railroad company had been compelled to respond in damages resulted therefrom. In the action by the railroad company against the trolley company to recover over the relief was denied upon the ground that they were joint *tort feasors.* A careful analysis of the facts of that case will disclose, however, that it is wholly in line with the principles governing the question now under consideration which have been outlined herein. In that case the crossing of the tracks of the trolley company over those of the railroad company, and the respective rights of the parties with reference thereto, and with reference to keeping in repair the tracks and the lines of wire, and other equipment of each road, were provided for and fully set forth in a written contract between the two companies. The conclusion of this court that no recovery over could be had in that case was based in part upon the provisions of the contract which gave the railroad company authority to repair the wires of the trolley company and collect from it for so doing. In addition to that the injuries for which the railroad company had been compelled to respond in damages were occasioned when, after discovering that the trolley wire had sagged, the crew of a wrecking train willfully ran it against the wire and broke it. The injuries were caused by the broken live trolley wire. Under those facts that case, since the judgment was against the railroad company, clearly fell within the cases in which recovery over between wrongdoers must be refused because the *tort feasors* were *in pari delicto,* if indeed it was not such that had the original action and judgment been against the trolley company it could have recovered over.

In the case now before us the telephone company not only was charged with the duty of keeping its line of wires and cable in repair, and was liable without limit for all injuries that might result from its negligent failure so to do; but when its cable sagged and became a menace to the servants of the railroad company there was an actual unlawful invasion or trespass by the telephone company into the domain of the railroad company. (Citizens Telephone Company v. C. N. O. & T. P. R. R. Company, 192 Ky. 399, 233 S. W. 901, 18 A. L. R. 615.) We encounter no difficulty along the road to the conclusion that under the facts of this case it does not measure up to the general rule forbidding recovery over between

wrongdoers because they do not appear to have been *in pari delicto.*

The telephone company urges that since no evidence may be found herein of negligence upon its part to which Mink's injuries may be attributed, it was entitled to a directed verdict. On that question, however, since it was notified of the pendency of the action by Mink against the railroad company and called on to defend but declined to do so, the telephone company is precluded by the judgment in the Mink case. The rule is:

> "One who is notified of the pendency of an action and is given an opportunity to defend is concluded as to all questions determined therein which are material to a recovery against him, in an action for indemnity brought by defendant in the original suit. So in a suit to recover the amount of a judgment paid by plaintiff for damages caused by defendant's negligence or wrongful act, defendant is precluded, if he had notice of the former suit, from making a defense which he could have made in the first suit."

22 Cyc. p. 106, 31 C. J. p. 461, sec. 61; Louisville v. Davis, 157 Ky. 191; and Board of Councilmen v. VanArsdale, 148 Ky. 507. The telephone company admits it was notified and declined to defend the action by Mink.

No other questions are presented by the telephone company's appeal, and since those considered have been found not to authorize a reversal, the judgment will be affirmed on the appeal.

On the cross-appeal the railroad company presents this question: The original action herein was filed shortly after the payment of the Mink judgment. By the petition no recovery was sought for attorneys' fee paid by the railroad company in defending the Mink action. The case was delayed in trial. Subsequently by amendment the railroad company sought to recover the attorneys' fees also. To the amendement the telephone company pleaded that more than five years had elapsed after the fees were paid before the amendment seeking their recovery was filed and that the right to recover them was therefore barred by the five year statute of limitation. A demurrer to that plea was interposed. The trial court overruled the demurrer and held the action to recover the attorneys' fees barred by limitation. The railroad company insists that the trial court erred in so doing.

No question seems to be raised as to the correctness of the rule as written in 31 C. J., p. 451, sec. 50:

"Where a person is obliged to defend against the act of another, against whom he has a remedy over, he may, if such other has notice of the suit and an opportunity to defend, hold him liable for the amount of damages recovered against himself and which he is compelled to pay, together with interest thereon, and also all reasonable and necessary costs and expenses incurred in such defense, including attorney's fees."

Nor is any question raised that the original action was instituted in time. The question then is was the amended petition an independent cause of action which must have been instituted within five years under our statute of limitations, or was it merely a perfecting of the original cause by amendment so as to relate back to the time of filing of the petition and thus be saved from the operation of the statute?

In Cole's Admrx. v. I. C. R. R. Company, 120 Ky. 686, instituted to recover the value of a horse killed and buggy demolished by one of the railroad company's trains, it appeared that in a previous action judgment had been recovered by appellant for the death of his intestate caused by the same collision. It was held that intestate's administratrix had but one cause of action against the railroad company for the tort and that it could not be split into several. The former judgment was held to be a bar. The cases declaring the rule that a party can not split his cause of action and sue upon part at one time and part at another were cited in that opinion. Under that principle, well established in this jurisdiction, it would seem difficult to hold that an amendment setting up what we in those cases have held must be sued for in the original action to be recovered when filed in the original action is no part of it but is an independent cause of action.

The exact question here presented was before this court in Bland v. Kittinger, 10 R. 417, 9 S. W. 301. Bland, who had been authorized by Kittinger to sell a tract of land owned by him at $1,000.00, or the timber upon it for $800.00, sold the timber for $1,050.00. He represented to Kittinger that $700.00 was the best offer he could get on the land and thereby procured deed to himself at that

price. Learning of the fraud Kittinger sued to cancel the deed. The judgment rendered cancelled the deed and adjudged Kittinger also a recovery of the $350.00, difference between the $700.00 paid and $1,050.00 received by Bland for the timber. On appeal the judgment for $350.00 was reversed because not sued for. Upon the return of the case an amendment was filed suing also for the $350.00. A plea of limitation was interposed which this court held unavailable. It was said:

"The action for relief on the ground of fraud committed by appellant having been commenced by appellee within the time prescribed by the statute, he acquired a standing in court that entitled him to pray for and recover in that action whatever was connected with, and a necessary incident of, the original cause. And as the amended petition set up no new and distinct cause of action, but was filed so as, in the language of this court, to enable appellee to have complete relief on the ground of fraud, already alleged, proved, and adjudged by both courts to exist, we do not think the statute, construed even literally, presents an obstruction to the judgment appealed from, which is affirmed."

There but one fraud was committed, and in the action to recover the damages flowing therefrom the amendment filed was but to perfect the original action for the fraud, not an independent cause of action. Here there was but one tort committed. The various elements of damages flowing therefrom do not constitute separate and distinct causes of action, but are all a part, and, as we have seen, an inseparable part of the one cause of action for the tort. The amendment filed was but a perfecting of the cause of action on the tort which the original petition imperfectly stated in that it did not allege this particular element of damages flowing therefrom. This court's views of the question seem to accord with the great weight of authority, as reference to the exhaustive note appended to the cases, M. K. & T. Ry. Company v. Bagley, and Terre Haute & Indianapolis R. R. Company v. Zehner, found in 3 L. R. A. (N. S.) 259 and 277, respectively, will disclose.

It is stipulated that the railroad company paid $600.00 to its attorneys and that sum is conceded to be reasonable.

For these reasons, on the cross-appeal, the judgment is reversed with direction that judgment for the $600.00 attorneys' fees also be entered for the railroad company.

Judgment affirmed on the direct appeal and reversed on the cross-appeal for proceedings in conformity herewith.

The whole court sitting.