## Aetna Life Insurance Company v. Roper.

(Decided May 17, 1932.)

BREATHITT & BREATHITT for appellant.

WHITE & CLARK for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

E. N. Roper sued the Ætna Life Insurance Company upon a "standard workmen's compensation and employers' liability policy" to recover indemnity for an alleged loss. The terms of the policy were set forth, and it was alleged that C. W. Allen had asserted a damage claim against Roper and Spicer, which had resulted in a judgment in favor of Allen. It further alleged that Roper had satisfied the judgment, and that the insurance company had refused to provide indemnity as agreed. The insurance company relied upon a provision in the application for the policy which limited the protection to carpentry work of a certain description, and to the construction of private residences for one or two families, and to dwellings of wood construction not exceeding three stories in height. It was alleged that Allen had been injured while engaged in brick work that was not included within the protection of the policy. Roper then amended his pleading seeking a reformation of the policy so as to cover the case. The circuit court reformed the policy and awarded judgment in favor of Roper. The insurance company has entered a motion for an appeal, insisting that the facts did not authorize reformation of the policy, and that the insurer, in any event, could not be held liable for more than one-half of the joint judgment against Roper and the other man. Whilst the evidence was in conflict, we think it was sufficient to justify the reformation of the contract, and the finding of the chancellor on that issue will not be disturbed. U. S. Fidelity & Guaranty Co. v. Breslin, 243 Ky. 734, 49 S. W. (2d) —, decided April 19, 1932. But a more serious question is presented. The claim of Allen against Roper and Spicer was predicated upon an alleged negligent act of Spicer which resulted in the injury to Allen. Roper had not committed any negligent act, but became liable under the law for the act of Spicer, because of the relationship of master and servant which existed between them at the time. As between Roper and Spicer the latter would seem to be primarily liable for the damages to Allen. Although a master and servant may be jointly liable to a third party for a negligent act of the servant, the master is entitled to recover over against the servant, if the master was not guilty of any breach of duty. 39 C. J. sec. 1514, p. 1313. It appears from the evidence that Spicer furnished the money with which the judgment of

Allen was satisfied, and Roper executed an instrument assigning to Spicer the benefit of any recovery on the insurance policy. The insurance policy has a provision that ''the company shall be subrogated in case of any payment under this policy, to the extent of such payment, to all rights of recovery therefor vested by law either in this employer or, in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates.''

The general rule is that, where the tortious conduct of a third party is the cause of a loss within the terms of a policy of insurance, the insurer, upon payment of the loss, becomes subrogated by operation of law to whatever right the insured may have against the wrongdoer. 14 R. C. L. 1404; 26 C. J. 456. If the insurance company should be required to pay Roper, then by the terms of the contract, and by operation of law, it would seem to be entitled to the extent of the payment to a recovery over against Spicer. Obviously, Spicer could not be required to pay the judgment again, and, by the terms of the assignment given him by Roper, he is entitled to the benefit of any recovery from the insurer. Thus the insurer, if it should pay Roper and seek reimbursement from Spicer, would be met with the defense that the wrongdoer had himself satisfied the judgment. The record manifests that Spicer is vitally interested in this litigation, and it cannot be determined without possible prejudice to his rights. Spicer should be brought before the court and required to set up his claim in this case. In the state of the record Roper is not entitled to the indemnity sought, since he has not paid the judgment. After paying the judgment, Spicer would have no claim against Roper. Middlesboro Home Tel. Co. v. L. & N. R. Co., 214 Ky. 822, 284 S. W. 104. On the contrary, Roper may have had the right to compel Spicer to pay the judgment, since he was the person primarily liable. Owensboro City R. Co. v. L., H. & St. L. R. Co., 165 Ky. 683, 178 S. W. 1043. See annotation in 26 A. L. R. 431. But the original rights of the parties inter se may have been altered by the fact that the judgment was replevied. Cf. Minnis v. Johnson, 1 Duv. 171.

In view of these facts it is impossible to determine the rights of the parties here without bringing Spicer before the court. The Civil Code of Practice provides that, when a controversy may not be determined between

the parties before it without prejudice to the rights of other persons, it must require such other persons to be made parties, or dismiss the action. Section 28. Hence, it becomes necessary to grant the appeal and reverse the judgment, with directions to bring Spicer before the court. The parties may amend or supplement their pleadings, and the court then can determine the entire controversy, without circumlocution, and upon a full development of the facts.

The appeal is granted, and the judgment reversed, for proceedings in accordance with this opinion.