UNION STOCK YARDS COMPANY OF OMAHA v. CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 100.  Argued December 14, 15, 1904.—Decided January 9, 1905.

A railroad company delivered a car with imperfect brakes to a terminal company; both companies failed to discover the defect which could have been done by proper inspection; an employé of the terminal company, who

was injured as a direct result of the defective brake, sued the terminal
company alone and recovered. In an action brought by the terminal
company against the railroad company for the amount paid under the
judgment: *Held* that:

As both companies were wrongdoers, and were guilty of a like neglect of
duty in failing to properly inspect the car before putting it in use, the
fact that such duty was first required of the railroad company did not
bring the case within the exceptional rule which permits one wrongdoer,
who has been mulcted in damages, to recover indemnity or contribution
from another, on the ground that the latter was primarily responsible.

THIS case comes here on the certificate of the United States
Circuit Court of Appeals for the Eighth Circuit. The facts
embodied therein are: The Circuit Court of the United States,
sitting at Omaha, Neb., sustained a demurrer to the petition
of the plaintiff in error against the defendant in error. The
facts stated in the petition, in substance, are as follows:

"The plaintiff, The Stock Yards Company, is a corporation
which owns stock yards at South Omaha, Nebraska, railroad
tracks appurtenant thereto, and motive power to operate cars
for the purpose of switching them to their ultimate destina-
tions in its yards from a transfer track which connects its
tracks with the railways of the defendant, The Burlington
Company. The Burlington Company is a railroad corpora-
tion engaged in the business of a common carrier of freight
and passengers. The defendant places the cars destined for
points in the plaintiff's yards on the transfer track adjacent
to the premises of the plaintiff, and the latter hauls them to
their points of destination in its yards for a fixed compensa-
tion, which is paid to it by the defendant. The plaintiff re-
ceives no part of the charge to the shipper for the transporta-
tion of the cars, but the defendant contracts with the shipper
to deliver the cars to their places of ultimate destination in
the plaintiff's yards and receives from the shipper the com-
pensation therefor. The defendant delivered to the plaintiff
upon the transfer track a refrigerator car of the Hammond
Packing Company, used by the defendant to transport the
meats of that company, to be delivered to that company by
the plaintiff in its stock yards. This car was in bad order, in

that the nut above the wheel upon the brake staff was not fastened to the staff, although it covered the top of the staff and rested on the wheel as though it was fastened thereto, and this defect was discoverable upon reasonable inspection.  The plaintiff undertook to deliver the car to the Hammond Company and sent Edward Goodwin, one of its servants, upon it for that purpose, who, by reason of this defect, was thrown from the car and injured while he was in the discharge of his duty.  He sued the plaintiff and recovered a judgment in one of the District Courts of Nebraska for the damages which he sustained by his fall, on the ground that it was caused by the negligence of the Stock Yards Company in the discharge of its duty of inspection to its employé.  This judgment was subsequently affirmed by the Supreme Court of Nebraska, *Union Stock Yards. Co.* v. *Goodwin*, 57 Nebraska, 138, and was paid by the plaintiff."

Upon this certificate the Circuit Court of Appeals propounds the following question:

"Is a railroad company which delivers a car in bad order to a Terminal Company, that is under contract to deliver it to its ultimate destination on its premises for a fixed compensation to be paid to it by the railroad company, liable to the Terminal Company for the damages which the latter has been compelled to pay to one of its employés on account of injuries he sustained, while in the customary discharge of his duty of operating the car, by reason of the defect in it, in a case in which the defect is discoverable upon reasonable inspection?"

*Mr. Frank T. Ransom* for plaintiff in error:

Both plaintiff and defendant were liable to plaintiff's employé for the injuries he received. *Pennsylvania R. R. Co.* v. *Snyder*, 55 Ohio St. 342; *Moon* v. *Nor. Pac. R. R. Co.*, 46 Minnesota, 106; *Teal* v. *Am. Min. Co.*, 87 N. W. Rep. 837; *Hoye* v. *Gt. Northern Ry. Co.*, 120 Fed. Rep. 712; *Heaven* v. *Pender*, 11 Q. B. Div. 506; *Elliott* v. *Hall*, 15 Q. B. Div. 315; *Railroad Co.* v. *Booth*, 98 Georgia, 20; *Horne* v. *Meakin*, 115 Massachusetts,

326; *Thrussell* v. *Hannyside*, 20 Q. B. Div. 315; *Sawyer* v. *Railroad Co.*, 35 N. W. Rep. 671; *Glynn* v. *Railroad Co.*, 175 Massachusetts, 510.

The defendant was guilty of the original wrongful act from which the damages arose, and but for its breach of a duty it owed plaintiff the injury would not have resulted; the rule, therefore, that there can be no redress (indemnity or contribution) between joint tort-feasors, is not applicable to the facts stated, but the exception to that rule, which is, that where one of several persons answerable for a negligent act or condition which he has not joined in or created has been compelled to respond in damages for such act or condition, he may have redress against the others, is applicable to the facts stated in the question. *Gray* v. *Boston Gas Light Co.*, 114 Massachusetts, 149; *Lowell* v. *B. & L. Ry. Co.*, 23 Pick. 24; Cooley on Torts, 1st ed., 144; Bishop on Non-contract Law, §§ 56, 535; footnote to *Centerville* v. *Cook*, 16 Am. St. Rep. 254, citing *Akerman* v. *Miller*, 2 Ohio St. 203; *Adamson* v. *Jarvis*, 4 Bin. 66; *Betts* v. *Gibbons*, 2 Ad. & E. 57; *Farwell* v. *Becker*, 129 Illinois, 261; *Minneapolis Mill Co.* v. *Wheeler*, 31 Minnesota, 121.

While between willful wrongdoers there can be no contribution where the tort is one by construction, the case is not covered by the rule. Story on Partnership, § 220; *Vandiver* v. *Pollak*, 19 L. R. A. 628.

The rule that wrongdoers cannot have contribution or redress against each other is confined to cases where the plaintiff is presumed to have known he was doing a wrongful act. *Block* v. *Estes*, 92 Missouri, 318; *Scofield* v. *Gaskill*, 60 Georgia, 277; *Owen* v. *McGehee*, 61 Alabama, 440; *Armstrong Co.* v. *Clarion Co.*, 66 Pa. St. 218; *Jacobs* v. *Pollard*, 10 Cush. 287; Cooley on Torts, 148; Pollock on Torts, 171; *Horback* v. *Elder*, 18 Pa. St. 33; *Farwell* v. *Becker*, 129 Illinois, 261.

Nor does the rule apply to a person made a wrongdoer by inference of law. *Merryweather* v. *Nixon*, 2 Smith's Leading Cases, 456; *Pearson* v. *Skelton*, 1 M. & W. 504; *Adamson* v. *Jarvis*, 4 Bin. 66; Note in 16 Am. St. Rep. 257, *Johnson* v.

*Torpy,* 35 Nebraska, 604; *S. C.,* 43 Nebraska, 882; *Ankeny* v. *Moffett,* 37 Minnesota, 109.

*Mr. Charles J. Greene* for defendant in error:

Every company is bound to know the actual condition of each car it receives, hauls or uses, and the appliances attached to it, whether it does or does not inspect it, and without regard to its ownership or its source and destination. It was the duty of the plaintiff, before accepting the car in question, or directing its servants to handle it, to discover the defect in the brake, if the defect were open to reasonable inspection. *Railroad Company* v. *Mackey,* 157 U. S. 72; *Railroad Company* v. *Smock,* 23 Colorado, 456; *Railroad Company* v. *Penfold,* 57 Kansas, 148; *Railroad Company* v. *Williams,* 95 Kentucky, 199; *Railroad Company* v. *Reagan,* 96 Tennessee, 128; *Railroad Company* v. *Merrill* (Kan.), 70 Pac. Rep. 358, 362.

A railroad company using cars and appliances of other companies is charged, as to its employés, with the same duty to inspect as if the cars were its own. *Stock Yards Company* v. *Goodwin,* 57 Nebraska, 138; *S. C.,* 57 N. W. Rep. 357; *Eddy* v. *Prentice,* 8 Tex. Civ. App. 58; *S. C.,* 27 S. W. Rep. 1063; *Jones* v. *Shaw,* 16 Tex. Civ. App. 290; *S. C.,* 41 S. W. Rep. 690; *Felton* v. *Bullard,* 94 Fed. Rep. 781; *N. O. & N. E. Ry. Co.* v. *Clements,* 100 Fed. Rep. 415.

A railway company which undertakes to haul foreign cars and has an opportunity to inspect them, is negligent if it fails to discover and repair dangerous defects in the coupling apparatus, brakes or any of the other appliances, where such defects are open to a reasonable inspection. *Mackey* v. *Railroad Company,* 19 D. C. App. 282; *Railroad Company* v. *Williams,* 95 Kentucky, 199; *Mateer* v. *Railroad Company,* 15 S. W. Rep. 970; *Bender* v. *Railroad Company,* 177 Missouri, 240; *Jones* v. *Railroad Company,* 20 R. I. 210.

The general duty which rests upon a railroad company to exercise reasonable care in the inspection of cars to be handled by its employés, is not restricted in the case of foreign cars,

to such as are to be sent out over its own roads, but governs as to all such cars which its employés are handling, though only in its switch yards, and for the purpose of being loaded and returned to another road. *Railway Company* v. *Archibald,* 170 U. S. 665; *Railroad Company* v. *Penfold,* 57 Kansas, 148.

A railway company which delivers a defective freight car to a connecting line is not liable in damage to an employé of the latter, who is injured by reason of such defect, after the car has been inspected by the company receiving it. The loss of control over the car and over the servants having it in charge relieves the delivering company from responsibility to the employés of the receiving company. *M., K. & T. R. R. Co.* v. *Merrill,* 70 Pac. Rep. 358; *Sawyer* v. *Railway Company,* 38 Minnesota, 103; *Wright* v. *Canal Co.,* 40 Hun, 343; *Mackin* v. *Railroad Company,* 135 Massachusetts, 201; *Winterbottom* v. *Wright,* 10 M. & W. 109, 114; *Clifford* v. *Atlantic Cotton Mills,* 146 Massachusetts, 47; *Heizer* v. *Manufacturing Co.,* 110 Missouri, 605.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

We take it that this inquiry must be read in the light of the statement accompanying it. While instruction is asked broadly as to the liability of the railroad company to the terminal company, for damages which the latter has been compelled to pay to one of its own employés on account of injuries sustained, it is doubtless meant to limit the inquiry to cases wherein such recovery was had because of the established negligence of the terminal company in the performance of the specific duty stated and which it owed to the employé. For it must be taken as settled that the terminal company was guilty of negligence after it received the car in question, in failing to perform the duty of inspection required of it as to its own employé. The case referred to in the certificate, *Union Stock Yards Co.* v. *Goodwin,* 57 Nebraska, 138, is a final adjudication between the terminal company and the employé,

and it therein appears that the liability of the company was based upon the defective character of the brake, which defect a reasonably careful inspection by a competent inspector would have revealed, and it was held that in permitting the employé to use the car without discovering the defect the company was rendered liable to him for the damage sustained. We have, therefore, a case in which the question of the plaintiff's negligence has been established by a competent tribunal, and the inquiry here is, may the terminal company recover contribution, or, more strictly speaking, indemnity, from the railroad company because of the damages which it has been compelled to pay under the circumstances stated?

Nor is the question to be complicated by a decision of the liability of the railroad company to the employé of the terminal company, had the latter seen fit to bring the action against the railroad company alone, or against both companies jointly. There seems to be a diversity of holding upon the subject of the railroad company's liability, under such circumstances, in courts of high authority.

In *Moon* v. *Northern Pacific Railroad Company*, 46 Minnesota, 106, and *Pennsylvania Railroad Company* v. *Snyder*, 55 Ohio St. 342, it was held that a railroad company was liable to an employé of the receiving company who had been injured on the defective car while in the employ of the latter company when under a traffic arrangement between the companies, the delivering company had undertaken to inspect the cars upon delivery, and, as in the *Moon* case, where there was a joint inspection by the inspectors of both companies. This upon the theory that the negligence of the delivering company, when it was bound to inspect before delivery, was the primary cause of the injury, notwithstanding the receiving company was also guilty of an omission to inspect the car, before permitting the employé to use the same.

A different view was taken in the case of *Glynn* v. *Central R. R. Co.*, 175 Massachusetts, 510, in which the opinion was delivered by Mr. Justice Holmes, then Chief Justice of Massa-

chusetts, in which it was held that, as the car after coming into the hands of the receiving company and before it had reached the place of the accident, had crossed a point at which it should have been inspected, the liability of the delivering company for the defect in the car, which ought to have been discovered upon inspection by the receiving company, was at an end. A like view was taken by the Supreme Court of Kansas in the case of *M., K. & T. R. R. Co.* v. *Merrill,* 70 Pac. Rep. 358, reversing its former decision in the same case reported in 61 Kansas, 671. But we do not deem the determination of this question necessary to a decision of the present case.

Coming to the very question to be determined here, the general principle of law is well settled that one of several wrongdoers cannot recover against another wrongdoer, although he may have been compelled to pay all the damages for the wrong done. In many instances, however, cases have been taken out of this general rule, and it has been held inoperative in order that the ultimate loss may be visited upon the principal wrongdoer, who is made to respond for all the damages, where one less culpable, although legally liable to third persons, may escape the payment of damages assessed against him by putting the ultimate loss upon the one principally responsible for the injury done. These cases have, perhaps, their principal illustration in that class wherein municipalities have been held responsible for injuries to persons lawfully using the streets in a city, because of defects in the streets or sidewalks caused by the negligence or active fault of a property owner. In such cases, where the municipality has been called upon to respond because of its legal duty to keep public highways open and free from nuisances, a recovery over has been permitted for indemnity against the property owner, the principal wrongdoer, whose negligence was the real cause of the injury.

Of this class of cases is *Washington Gas Light Co.* v. *District of Columbia,* 161 U. S. 316, in which a resident of the city of Washington had been injured by an open gas box, placed and

maintained on the sidewalk by the gas company for its benefit. The District was sued for damages, and, after notice to the gas company to appear and defend, damages were awarded against the District, and it was held that there might be a recovery by the District against the gas company for the amount of damages which the former had been compelled to pay. Many of the cases were reviewed in the opinion of the court, and the general principle was recognized, that notwithstanding the negligence of one, for which he has been held to respond, he may recover against the principal delinquent where the offense did not involve moral turpitude, in which case there could be no recovery, but was merely *malum prohibitum,* and the law would inquire into the real delinquency of the parties, and place the ultimate liability upon him whose fault had been the primary cause of the injury. The same principle has been recognized in the Court of Appeals of the State of New York in *Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461, the second proposition of the syllabus of the case being:

"Where, therefore, a person has been compelled, by the judgment of a court having jurisdiction, to pay damages caused by the negligence of another, which ought to have been paid by the wrongdoer, he may recover of the latter the amount so paid, unless he was a party to the wrong which caused the damage."

In a case cited and much relied upon at the bar, *Gray* v. *Boston Gas Light Co.,* 114 Massachusetts, 149, a telegraph wire was fastened to the plaintiff's chimney without his consent, and, the weight of the wire having pulled the chimney over into the street, to the injury of a passing traveler, an action was brought against the property owner for damages, and notice was duly given to the gas company, which refused to defend. Having settled the damages at a figure which the court thought reasonable, the property owner brought suit against the gas company, and it was held liable. In the opinion the court said:

"When two parties, acting together, commit an illegal or wrongful act the party who is held responsible for the act cannot have indemnity or contribution from the other, because both are equally culpable or *particeps criminis*, and the damage results from their joint offense. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such cases the parties are not in *pari delicto* as to each other, though as to third persons either may be held liable."

In a later case in Massachusetts, *Boston Woven Hose Co.* v. *Kendall*, 178 Massachusetts, 232, it was held that a manufacturer of an iron boiler known as a vulcanizer, which had been furnished upon an order which required a boiler which would stand a pressure of one hundred pounds to the square inch, which order was accordingly accepted, the manufacturer undertaking to make the boiler in a good and workmanlike manner, but which because of a defect in that the hinge of the door was constructed in such a way that it did not press tight enough against the face of the boiler to stand a pressure of 75 pounds, at which pressure the packing blew out and allowed the naphtha vapor to escape, was liable for the damages which the hose company had been compelled to pay to one of its employés injured by the accident, although the defect might have been discovered upon reasonable inspection by the hose company. In that case the boiler was sold upon a warranty. As was said by Mr. Chief Justice Holmes, delivering the opinion of the court:

"The very purpose of the warranty was that the boiler should be used in the plaintiff's works with reliance upon the defendants' judgment in a matter as to which the defendants were experts and the plaintiff presumably was not. Whether the false warranty be called a tort or a breach of contract, the consequences which ensued must be taken to have been contemplated and was not too remote. The fact that the reliance

was not justified as toward the men does not do away with the fact that the defendants invited it with notice of what might be the consequences if it should be misplaced, and there is no policy of the law opposed to their being held to make their representations good."

Other cases might be cited, which are applications of the exception engrafted upon the general rule of non-contribution among wrongdoers, holding that the law will inquire into the facts of a case of the character shown with a view to fastening the ultimate liability upon the one whose wrong has been primarily responsible for the injury sustained. In the present case there is nothing in the facts as stated to show that any negligence or misconduct of the railroad company caused the defect in the car which resulted in the injury to the brakeman. That company received the car from its owner, the Hammond Packing Company, whether in good order or not the record does not disclose. It is true that a railroad company owes a duty of inspection to its employés as to cars received from other companies as well as to those which it may own. *Baltimore & Potomac Railroad Co.* v. *Mackey*, 157 U. S. 72. But in the present case the omission of duty for which the railroad company was sought to be held was the failure to inspect the car with such reasonable diligence as would have discovered the defect in it. It may be conceded that the railroad company having a contract with the terminal company, to receive and transport the cars furnished, it was bound to use reasonable diligence to see that the cars were turned over in good order, and a discharge of this duty required an inspection of the cars by the railroad company upon delivery to the terminal company. But that the terminal company owed a similar duty to its employés and neglected to perform the same to the injury of an employé, has been established by the decision of the Supreme Court of Nebraska already referred to.

The case then stands in this wise: The railroad company and the terminal company have been guilty of a like neglect of duty in failing to properly inspect the car before putting it in

use by those who might be injured thereby. We do not perceive that, because the duty of inspection was first required from the railroad company, the case is thereby brought within the class which holds the one primarily responsible, as the real cause of the injury, liable to another less culpable, who may have been held to respond for damages for the injury inflicted. It is not like the case of the one who creates a nuisance in the public streets; or who furnishes a defective dock; or the case of the gas company, where it created the condition of unsafety by its own wrongful act; or the case of the defective boiler, which blew out because it would not stand the pressure warranted by the manufacturer. In all these cases the wrongful act of the one held finally liable created the unsafe or dangerous condition from which the injury resulted. The principal and moving cause, resulting in the injury sustained, was the act of the first wrongdoer, and the other has been held liable to third persons for failing to discover or correct the defect caused by the positive act of the other.

In the present case the negligence of the parties has been of the same character. Both the railroad company and the terminal company failed by proper inspection to discover the defective brake. The terminal company, because of its fault, has been held liable to one sustaining an injury thereby. We do not think the case comes within that exceptional class which permits one wrongdoer who has been mulcted in damages to recover indemnity or contribution from another.

For the reasons stated, the question propounded will be answered in the negative.