## Cumberland Telephone & Telegraph Company v. Mayfield Water & Light Company, et al.

(Decided October 27, 1915.)

### Appeal from Graves Circuit Court.

1. Contribution—Joint Wrong-doers.—In an action by one wrong-doer against another for indemnity, there can be no recovery if the injury for which the plaintiff has been compelled to pay was brought about by the separate acts of negligence of each party, equal in degree, which concurred to bring about the injury.
2. Contribution—Joint Wrong-doers.—The machinery of the courts will not be put in motion to relieve one wrong-doer from the consequences of his wrongful act as against another wrong-doer, equally guilty.

WHEELER & HUGHES and BRUTUS J. CLAY for appellant.

STANFIELD & STANFIELD for appellees.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

In May, 1912, Lemuel Magness, an employe of the Cumberland Telephone and Telegraph Company, was killed in Mayfield, Kentucky, by an electric current transmitted to the wire of the telephone company from the wires of the Mayfield Water & Light Company, the latter being a corporation engaged in furnishing electricity to the citizens of that place.

His personal representative instituted an action against the two companies jointly, wherein it was alleged that he came to his death by reason of certain joint concurrent negligence upon the part of said two corporations. The defendants in that action filed separate answers, and the issues being completed a trial was had

which resulted in a directed verdict for the telephone company and a judgment and verdict for the plaintiff against the Water & Light Company.

The plaintiff therein appealed from the action of the court in directing a verdict for the telephone company and the judgment was affirmed upon the ground that Magness had, as an employe of the telephone company, assumed the risk of which he had full notice. Magness' Administratrix v. Cumberland Tel. & Tel. Co., 156 Ky., 330.

The Water & Light Company accepted the verdict and judgment in the circuit court against it and satisfied the same, and thereafter brought this action against the telephone company for indemnity by reason of the payment thereof.

The substance of the petition is that for many years prior to 1912 the plaintiff had maintained its poles and wires on Seventh street in Mayfield, and that some time before 1912 the defendant had negligently and carelessly strung one of its telephone wires, leading into the residence of one Stephenson, in such close and dangerous proximity to its heavily charged electric wires as to cause said telephone wire to come in contact therewith and thereby transmit the current of electricity through the telephone wire which resulted in Magness' death; and that said negligent act of the telephone company was the direct, proximate and efficient cause of Magness' death.

In the original action the charge of negligence against the Water & Light Company was that at the point where they came in contact with the telephone wire the electric wires were not sufficiently or at all insulated, and that the insulation thereon was old and worn off and that it had negligently failed to repair the same. The judgment of the circuit court in the damage action against the Water & Light Company must be deemed conclusive of its negligence in this respect; so that we have a plaintiff confessing its negligence which contributed to bring about the death of a citizen, demanding indemnity of a defendant, whose concurrent negligence also contributed to that event.

The only question necessary to determine upon this appeal is whether the demurrer to the plaintiff's petition should have been sustained.

We have here one party conclusively shown to have been negligent by the judgment of a court, in failing to have its electric wires insulated, and another party shown to have been negligent in placing its telephone wire in dangerous proximity to the heavily charged electric wires, and it is apparent that their concurrent acts of negligence, each separate and distinct from the other, brought about the death of Magness. If the electric wires had been properly insulated the contact of the telephone wire with them would not have transmitted the electric current and Magness would not have been killed; on the other hand, if the telephone wire had not been carelessly strung so near to the electric wires that it might come in contact with them Magness would not have been killed. The separate acts of negligence of neither of the defendants would have brought about this result, but their two separate and distinct acts of negligence, concurring one with the other, at the time and place, did bring it about.

The appellee, of course, recognizes the general rule that there can be no indemnity between tort feasors, but bases its right of recovery upon an exception to that rule which has been recognized in this State. The case of Blocker v. City of Owensboro, &c., 129 Ky., 75, was where in the erection of a building certain obstructions were permitted to remain on the sidewalk by the owner of the building which resulted in an injury to a pedestrian, and it was held that although the person injured by the obstruction in the street might recover against the city alone, or against both the city and the person who placed the obstruction there, yet as between the wrong-doers the city might, after satisfying the judgment, be entitled to indemnity from the person who placed the obstruction in the street.

In the City of Georgetown v. Groff, 136 Ky., 662, the same principle is laid down.

In Pullman Company v. C., N. O. & T..P. Ry. Co., 147 Ky., 498, a brakeman of the railway company was injured by reason of a defective brake-staff on a car which had been constructed for it by the Pullman Company, the defective brake-staff being painted over; the brakeman recovered a judgment against the railway company, and it brought suit, after paying the judgment, against the Pullman Company for indemnity, the court there permitting a recovery because the Pullman Company was pri-

marily negligent and created the danger and painted
over the defective brake-staff so that the defect could not
be easily discovered by inspection.

In all of these cases it will be observed that the
primary and efficient cause of the injury was the negli-
gence of one party, and that the other party was held
liable to the injured party for negligence of a lesser
degree and of a different character. In those cases there
was no concurrent negligence of equal degree, and the
distinction between them and cases of this character was
pointed out by the court in the last named case, wherein it
said:

"This was not a case of concurrent negligence by two
wrong-doers. The negligence of the railroad company
consisted simply in its failure to discover the prior negli-
gence of the Pullman Company. The railroad company
did not create the danger; it simply used the car for the
purpose for which it was intended. In Union Stock Yards
Company v. C. B. & Q. R. R. Co., 196 U. S., 217, neither
company had created the danger. Each was alike negli-
gent in inspection. In that case it could not be said that
the defendant's negligence was primarily the cause of the
trouble. The same is true of the other cases relied on by
appellant."

The facts of this case bring it within the rule laid
down in City of Louisville v. Louisville Ry. Co., 156 Ky.,
141. That was a case in which a man driving along a
street of Louisville in a wagon ran into a hole in the
street and was thrown out of the wagon on to an adja-
cent railway track where a street car ran over and killed
him; a judgment was entered for damages against the city
and it instituted its action against the railway company
for contribution upon the ground that they were each
equally negligent and their concurrent negligence had
caused the man's death. After a review of the authorities
this court, in denying a recovery to the city, said:

"The negligent act of each was the violation of a duty
it owed to the public; operating concurrently the two
negligent acts brought about the result; they were each
equally remiss in the performance of their duties to the
public.

"That being true, when either appeals to the public,
through its courts, for redress against the other, it will
be denied, and they will be left where they are found.

"The machinery of the courts will not be put in motion to relieve one wrong-doer from the consequences of his wrongful act against another wrong-doer, equally guilty.

"No citizen has a right to invoke the aid of the courts for redress when it is necessary for him in stating his complaint to say that he and another by reason of a breach of public duty upon the part of each of them have caused injury or death to another citizen; and it matters not that their several breaches were separate and distinct from each other, and that neither participated in or was connected with the breach of the other, if the two breaches concurred to bring about the result."

The recent case of Owensboro Ry. Co. v. L. H. & St. L. Ry. Co., 165 Ky., 683, was an action by the railroad company against the city railway company for indemnity or contribution because of a judgment rendered against the railroad company in favor of one who had been injured by a live wire which a train of the railroad company had run into and caused to fall; in the action for the injury the negligence alleged against the street car company was that it allowed this wire to swing so low as to render it unsafe and dangerous, and the negligence alleged against the railroad company was that it ran its train against this live wire and broke it when it knew it was sagging low and in a dangerous condition. The court in that case went fully into the authorities on the subject and held that their negligence was concurrent, and that there could be no contribution between them, following the rule laid down in City of Louisville v. Louisville Ry. Co., *supra.*

In the case at bar it cannot be said that the primary negligence or the efficient cause is chargeable more to one than to the other; their separate negligent acts concurred to bring about the death of Magness, and without the negligence of either the negligence of the other would not have had that result.

Under such circumstances there can be no recovery, and the demurrer to the petition should have been sustained.

The judgment is reversed for further proceedings consistent herewith.