**DETROIT EDISON CO. v. STRICKER et al**

**No. 6194.**

Circuit Court of Appeals, Sixth Circuit.

May 9, 1933.

James Oxtoby, of Detroit, Mich. (Oxtoby, Robison & Hull, of Detroit, Mich., on the brief), for appellant.

B. V. Nunneley, of Mt. Clemens, Mich. (Christian F. Matthews, of Mt. Clemens, Mich., on the brief), for appellees.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

Appellant is an electric public utility, and was the plaintiff below. In 1926 it was furnishing electricity to the Harding School in Warren township, Macomb county, Mich. Its line of poles extended westerly into the school grounds, with high-tension wires terminating at a pole braced by a guy wire running from its upper portion into an anchor in the ground. The defendants were grading the school grounds with tractor and grader. The tractor broke the guy wire, and one of the defendants coiled it high around the pole. On November 24, 1926, a boy named John W. Vincent, attending the Harding School, while

playing with others around the pole, took hold of the guy wire, which was then hanging down, and received an electric shock, resulting in severe injuries. The boy, by his father as guardian, sued both the Edison Company and the defendants for damages. The Edison Company settled the boy's claim in suit, and also a claim made by the father. It sued the defendants below for indemnity on the theory that the negligence of the defendants was active, that its own consisted only in failure to inspect and was therefore merely passive, and that under such circumstances it was not a joint tort-feasor, and so not within the rule barring indemnity by one wrongdoer against another. From a judgment upon verdict of a jury in favor of the defendants the company appeals.

The principal errors assigned relate to the court's instructions to the jury. They were not saved for review. At the conclusion of the judge's charge, he invited exceptions thereto. In response, counsel for the plaintiff entered upon the record the following: "Our exceptions would be the refusal of the court to give our requests, and each and all of them, and the portions of the charge insofar as inconsistent with the request." It is the settled rule in the federal court, established by a long line of cases, that general exceptions of the character of the ones here taken cannot be regarded as directing the mind of the court to any specific alleged error, and do not save any questions for review. Beaver v. Taylor, 93 U. S. 46, 55, 23 L. Ed. 797; Jones v. East Tennessee, V. & G. Railroad Company, 157 U. S. 682, 15 S. Ct. 719, 39 L. Ed. 856; Guerini Stove Company v. J. P. Carlin Construction Company, 248 U. S. 334, 348, 39 S. Ct. 102, 63 L. Ed. 275; Buckeye Powder Company v. E. I. Du Pont de Nemours Powder Company, 223 F. 881 (C. C. A. 3); Sevensma v. United States, 278 F. 401 (C. C. A. 6). The failure of counsel to point out to the court in what respect the general charge failed to include the applicable law requested to be given to the jury, and to indicate specifically wherein it was inconsistent therewith, constrains us to refuse now to consider the errors complained of.

Our refusal so to do is less reluctant than it would have been had the record made the plaintiff's theory of responsibility more clearly applicable to the situation disclosed. Were we called upon to decide the issues on their merits, it might well appear that the plaintiff was in pari delicto with the defendants, rather than a merely passive participant in the tort. Union Stock Yards Co. v. Chicago, B. & Q. R. Co., 196 U. S. 217, 25 S. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525; Detroit, G. H. & M. R. Co. v. Boomer, 194 Mich. 52, 160 N. W. 542; Portland v. Citizens' Telephone Co., 206 Mich. 632, 173 N. W. 382; Tacoma v. Bonnell, 65 Wash. 505, 118 P. 642, 36 L. R. A. (N. S.) 582, Ann. Cas. 1913B, 934; Cumberland, etc., Telegraph Co. v. Mayfield Water & Light Co., 166 Ky. 429, 179 S. W. 388. While the Michigan cases would not furnish us with a rule of decision on the point involved, since no state statute or local rule of property is in question [Commercial Electric Supply Co. v. Greschner, 59 F.(2d) 512 (C. C. A. 6); Wabash Ry. Co. v. Walczak, 49 F.(2d) 763 (C. C. A. 6)], yet among other authorities cited they might well be persuasive.

Error is assigned in the failure of the court below to permit evidence of the settlement made with the father. Since such evidence could only affect the measure of damages involved, and the jury found in favor of the defendants, its exclusion was not prejudicial. We have examined other assignments of error, and find none warranting discussion.

The judgment below is affirmed.