## CENTRAL SURETY & INS. CORPORATION v. MISSISSIPPI EXPORT R. CO.

### No. 8429.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1937.

Rehearing Denied July 30, 1937.

W. H. White and S. E. Morse, both of Gulfport, Miss., and F. Carter Johnson, Jr., of New Orleans, La., for appellant.

H. P. Heidelberg, of Pascagoula, Miss., and Ellis B. Cooper, of Laurel, Miss., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Mrs. Rosa Lee Pope was injured while a passenger on the bus of Teche Lines, Inc., by the bus running into a locomotive of Mississippi Export Railroad Company which had stopped across the highway in the night during a rainstorm. She sued both Teche Lines and the railroad company, alleging negligence in each which concurred to injure her. The two defendants did not join in defending, but each alleged the other to be solely to blame, setting forth fully the other's negligence and its own freedom from fault. On the trial the court first directed a verdict and entered a judgment in favor of the railroad company, and the next day the jury found a verdict against Teche Lines for $15,000, on which judgment was entered. Central Surety & Insurance Corporation had insured Teche Lines against liability and defended the case for its insured and paid the judgment. Claiming that Teche Lines was entitled to indemnity from the railway company because the action of the latter in unnecessarily blocking the crossing in darkness and storm without lights or watchmen to warn travelers on the highway was the original, proximate, and sole cause of the loss, and that as insurer, it was subrogated to the rights of Teche Lines, the insurance corporation brought the present suit against the railroad company. To it the railroad company specially pleaded, among other things, the proceedings in the suit of Mrs. Pope, exhibiting the full record and asserting that the issues were thereby adjudged in its favor, and that it was also adjudged that Teche Lines, Inc., was guilty of negligence which caused or contributed to Mrs. Pope's injuries, and that the present suit is one to enforce contribution between joint tortfeasors and not maintainable. To this plea of former adjudication the insurance corporation made replication which did not deny the exhibited record but denied only that it adjudicated this case, and reiterated that the negligence of the railroad company was the sole and proximate cause of Mrs. Pope's injuries, and that the present suit was not for contribution but for recovery for the injuries done Teche Lines by the negligence of the railroad company. On demurrer this replication was held bad, and the insurance corporation declining to plead further judgment went against it on the unanswered plea of former adjudication. The sustaining of the demurrer and the consequent dismissal of the suit is the error assigned on this appeal.

The present suit is not one for contribution. It seeks to recover not a share of the loss but the whole of it. It is a suit for indemnity. It is true in Mississippi as in other common-law jurisdictions that without statutory aid joint tort-feasors being in pari delicto cannot force contribution among themselves. Mississippi Central Ry. Co. v. Roberts, 173 Miss. 487, 160 So. 604. But it is also established that, where there is no joint action by two persons in causing an injury and no par delictum, but there is wrongful conduct by one which creates a danger which results in injury and the liability of the other rests only on a failure to discover or remedy the dangerous condition, the latter may often have indemnity from the former when held liable to the person injured. City of Chicago v. Robbins, 2 Black, 418, 17 L.Ed. 298; Robbins v. City of Chicago, 4 Wall. 657, 18 L.Ed. 427; Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S. Ct. 564, 40 L.Ed. 712; Western & Atlantic Ry. R. v. City of Atlanta, 74 Ga. 774; Central of Georgia Ry. Co. v. Macon Ry. & Light Co., 140 Ga. 309, 78 S.E. 931.[1] But where there is no wrong act by either but a similar failure in duty by both, so that their negligence is of like kind, no indemnity is due to one of them who is separately held liable. Union Stockyards Co. v. Chicago, B. & Q. R. R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, 2 Ann.Cas. 525. In the declaration before us the railroad company is charged with actively producing a dangerous situation by blocking the highway without necessity at night and in a storm with a dark locomotive difficult to see, without lights or ringing its bell or otherwise warning travelers on the highway, and it is alleged that the bus driver was driving slowly and with all due care; so that the prime and real fault was the railroad company's alone. If this was the whole truth it is possible that indemnity would be due. But that the truth is other-

---

[1] Many of the older cases are collected in a note in 40 L.Ed. 712, and more recent ones are reported and noted in 40 L.R.A.(N.S.) beginning at page 1147.

wise we think must be regarded as established by the judgment in Mrs. Pope's suit. She in her declaration and Teche Lines, Inc., in its defensive pleading there asserted against the railroad company substantially the same acts of negligence which are now charged and they, if proven, and if the proximate cause of her injury, would have required a judgment in favor of Mrs. Pope against the railroad company. The judgment in favor of the railroad company necessarily means either that it was not negligent as charged or that acts of Teche Lines, Inc., so intervened as to become themselves the true and proximate cause of the injury. If both defendants had been found liable to Mrs. Pope the case might stand differently. It might then be that no issue of blameworthiness as between the two defendants was adjudicated. Ordinarily a plaintiff's case is not to be embarrassed by such cross contentions between the defendants, and they are not concluded. Colorado & S. Ry. Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30. But here each defendant was allowed to assert that the other was originally and solely negligent, and so far as appears no evidence was excluded that would show the negligence of the railroad company. The court adjudged that while Teche Lines, Inc., was liable, the railroad company was not. The insurance corporation is the privy of Teche Lines, Inc., and actually conducted the litigation in which the judgments were rendered. It, equally with Teche Lines, Inc., is cut off by the judgment in favor of the railroad company from now contending that the railroad company was solely or primarily at fault in causing the injury of Mrs. Pope.

Judgment affirmed.