**DESLAURIERS STEEL MOULD CO., Inc.,
v. GANGAWAY, and four other cases.**

No. 6721–6725.

Circuit Court of Appeals, Third Circuit.

May 20, 1938.

Harry S. Ambler, Jr., of Philadelphia, Pa., for appellant.

Fred B. Gernerd, of Allentown, Pa., and J. Paul Erwin, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

There are five appeals, of which the above entitled case is one, each raising the precise question raised in each of the others. They may thus be disposed of in one opinion. They are all of October Term 1938, the others bearing the numbers from 6722 to 6725, both inclusive.

The fact situation out of which the cases arise is that a number of workmen employed by the M. A. Long Company were injured through the collapse of a scaffolding used in the constructing of a building by M. A. Long Company as general contractor. The scaffolding had been itself constructed by Deslauriers Steel Mould Company, Inc. as a sub-contractor. The injured workmen instituted their separate actions against the sub-contractor, averring negligence in the faulty construction of the scaffolding. The latter thus made original defendant sought, under what is known as the Pennsylvania Scire Facias Act and its supplements, 12 P.S.Pa. § 141, to bring into these several actions M. A. Long Company, the general contractor, as additional defendant averring, by its praecipe for the Sci. Fas., the latter Company to be liable to the plaintiff in the original actions for any damages sustained. This liability is averred to be a triple liability in that it is sole; a joint liability and a liability of the general contractor over to the sub-contractor. The additional defendant moved to quash the writs of Scire Facias for reasons which need not be discussed because not now material. The District Court allowed the motions. The propriety of the quashing of the writs is the question raised by this appeal. The cases brought are Pennsylvania cases.

One reason for the quashing of the writs given by the learned Judge of the District Court was that under the doctrine of the well known Swift v. Tyson Case, 16 Pet. 1, 10 L.Ed. 865, the substantive law of the cases was not to be found in the rulings of the Courts of Pennsylvania but the law was that determined by the United States Courts. He in consequence held that as the original defendant was relying upon the doctrine of contribution among joint tort feasors as laid down as the law of Pennsylvania in the case of Goldman v. Mitchell-Fletcher Company, 292 Pa. 354, 141 A. 231, this case would not be followed, but that the doctrine of the case of Union Stock Yards Co. of Omaha v. Chicago, B. & Q. R. Co., 196 U.S. 217, 25 S. Ct. 226, 49 L.Ed. 453, 2 Ann.Cas. 525, would be applied. The latter case was interpreted to rule that there is no right to contribution among joint tort feasors. The writs of Scire Facias were accordingly quashed.

■ It should be stated that when these motions to quash were ruled by the District Court the doctrine of Swift v. Tyson, supra, was accepted as law. Since then it has been flatly repudiated by the Supreme Court of the United States in the case of Erie R. Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, 114 A.L.R. 1487. The law now is that the substantive law in diversity of citizenship cases is the law of the State. Had this been the law when the District Court passed upon these motions, it would have followed the Pennsylvania cases instead of the one it did follow.

■ We do not feel called upon to pass on what the law of Pennsylvania is but the change in the law above mentioned calls for a reversal of the orders of the District Court.

The ruling of the District Court was based upon the cases which followed Swift v. Tyson, supra, and the Union Stock Yards Co., Case, but there is a reference to another feature of the cases at Bar. The plaintiffs all elected to accept of the compensation allowed by the Pennsylvania Workmen's Compensation Law. 77 P.S. Pa. § 1 et seq. By its terms they thereby waived their right of action against their employer for negligence. How the fact of an election to accept workmen's compensation gets into the cases before us does not appear.

The cases cited by the learned Trial Judge, Jackson v. Gleason, 320 Pa. 545, 182 A. 498; Murray v. Lavinsky, 120 Pa. Super. 392, 182 A. 803, were both trial cases in which the fact appeared. This fact is not in the cases before us. It is obvious that these cases are in part for the benefit of the employer, contractor. Any recovery is for its use to the extent to which it has paid compensation. The fact mentioned will become an interesting trial question. The actions are against the subcontractor. The plaintiffs in the face of the mentioned fact could not maintain an action against their employer. How then can they recover against it, if it is brought in as an additional defendant?

■ The learned District Court Judge has discussed the questions which would arise at the trials from the viewpoint of legal logic and has thereby reached the conclusion that the right to writs of Scire Facias should be denied. He has we think overlooked the truth that the case does not concern itself with the rules of logic but with the mandate of State Legislature. Its mandate is an ipse dixit that the writs issue. Logic cannot negative this command. The conflict, if any, must be determined by the Trial Judge. These motions are to quash the writs. They have been determined by the District Court as if demurrers. The analogue is that of a writ issued in an action which is met by the defense that the plaintiff has no cause of action. This would be no reason for quashing the writ although it might be a good reason for deciding in favor of defendant on an Affidavit of Defense raising questions of law or on the trial of the case. It may be asked, of course, that if there can be no recovery against an additional defendant why bring him in by Scire Facias? The question is open to a double answer. He must be brought in because such is the command of the State Statutes and the question of his liability cannot be determined on a motion to quash the writ but must await trial or what is the equivalent of a demurrer.

The judgment of the District Court is reversed with a procedendo.