# GLOBE INDEMNITY COMPANY, Appellant v. SCHMITT, Appellee.

Ohio Appeals, First District, Hamilton County.

No. 6184.   Decided March 15, 1943.

156

Messrs. Pogue, Helmholz, Culbertson & French, Cincinnati, for appellant.

Mr. Robert G. McIntosh, Cincinnati, for appellee.

## OPINION

By ROSS, P. J.

Appeal from a judgment of the Court of Common Pleas of

Hamilton county, entered by the court pursuant to an instructed verdict for the defendant.

The case was tried upon a second amended petition and the answer of the defendant thereto.

The first trial of the case resulted in a verdict for the defendant, which was set aside by the court on motion for a new trial.

Plaintiff alleges in its second amended petition that:

The plaintiff is a foreign corporation engaged in the business of writing casualty insurance in this State and elsewhere, and as such insurer wrote a policy of public liability insurance for the John Shillito Company, a corporation conducting and operating a general department store on the north side of Shillito Place in the city of Cincinnati, Ohio.

On the 7th day of June, 1939, the defendant, pursuant to a contract with the John Shillito Company was engaged in the removal of trash from the premises of the insured. Openings in the sidewalk were provided by the insured for this purpose. Such openings were covered by an iron grill beneath which was suspended a metal covering. On the date mentioned one Nellie Sullivan, a pedestrian upon the sidewalk along the north side of Shillito Place stepped upon the metal coverings of the openings in the sidewalk, the iron grills having been removed by defendant for the purpose of removing debris collected upon such metal coverings and loading it into a truck of the defendant parked along the curb of the street. This was what the defendant had agreed to do under its contract with insured.

The metal sheet covering one of the openings gave way as the pedestrian stepped upon it and she was precipitated into the basement of the store.

Plaintiff further alleges that the metal sheets were not designed to bear the weight of a person and that the defendant was negligent in removing the iron grills without providing a barricade to protect the public from such injuries as were suffered by the pedestrian, all of which was in violation of the ordinances of the city of Cincinnati, which are recited in the pleading.

It is alleged further the defendant was negligent in failing to give the pedestrian warning of the unprotected opening, all of which negligence proximately caused her injuries. The pleading continues in alleging that the pedestrian and her husband filed suits against the insured, predicating the liability of the insured upon the rule of respondeat superior. Demand was made upon plaintiff by the insured for protection under its contract of insurance. The defendant was notified of the actions and demand of the insured and defendant was requested to defend the actions, but refused to do so. Defendant was further notified of an offer of settlement made

by the pedestrian and her husband for the sum of $5,000 and costs and that the plaintiff and insured were of the opinion that such amount constituted an advantageous settlement and that unless defendant paid such amount the plaintiff and insured would settle the actions for the amount named, and plaintiff would require defendant to reimburse plaintiff for the amount so paid. The defendant not having responded to the demands made upon him by the plaintiff the claim of the pedestrian and her husband were satisfied for the amount named and incidental costs and the actions dismissed. It is further alleged the sums paid were reasonable and that by virtue of such payment, the plaintiff. by operation of law and the terms of. its contract with insured, became subrogated to all rights against defendant possessed by the insured and the pedestrian and her husband. The following paragraph from the contract of indemnity between plaintiff and the insured The John Shillito Company is quoted in the pleading:

"The Company (meaning Globe Indemnity Company) shall be subrogated to all rights which the insured may have against any person, partnership, corporation, estate or other interest as respects any payments made under this. policy, and insured shall execute all papers required to secure to the Company such rights."

The prayer is for the recovery of the $5,000.00 plus costs and attorneys' fees and interest.

For the purpose of this opinion, it may be assumed that the facts. alleged in the second amended petition were substantially proved as they in fact were.

It therefore becomes apparent that the question here presented was whether or not a cause of action was alleged and proved, for if not, the trial court committed no error in instructing a verdict for the defendant.

The plaintiff stands in the same position as the insured. In. **Royal Indemnity Co. v. Becker et, 122 Oh. St., 582,** the syllabus is:

"1. The satisfaction of a judgment against one joint tort-feasor releases all therefrom. There is no right of contribution between persons whose concurrent negligence has made them liable in damages.

"2. Where an indemnitor of a joint tort-feasor fully pays and satisfies a judgment obtained against its indemnitee and another, for damages resulting from their concurrent negligence, such indemnitor has no greater right than the indemnitee, and though upon payment it obtains an assignment of the judgment, may not enforce payment of the whole

or any part thereof by the co-defendant of the indemnitee."

For the purposes of this opinion it may be assumed that if the insured could recover from defendant, then the plaintiff may recover from defendant; if the insured could not recover from defendant then the plaintiff as insurer may not recover.

While the second amended petition contained alternative allegations covering the relationship of the insured and defendant, of master and servant and independent contractor, there can be no question but that such relationship was that of the owner of property upon a public thoroughfare, and an independent contractor, employed to perform a duty involving the rights of pedestrians as members of the public entitled to the safe use of the sidewalk abutting the property of the insured. The question then involves such relationship.

If the owner of the property owed a direct duty to the pedestrian, and the contractor, the defendant also owed such a duty, a failure to perform such duty, although immediately caused by the contractor would be also a failure of the owner in its duty to the public. As to the liability of the owner of property abutting on a sidewalk, the language of the opinion in **Herron v. City of Youngstown, 136 Oh. St., 190, at page 193**, is:

"Upon the acquisition of real property, the owner becomes responsible for future injuries to third persons caused by any construction negligently maintained for his benefit in the sidewalk upon which his property abuts."

And, again, on page 194:

"Abutting owners are liable for injuries resulting from defects and dangerous structures in streets and sidewalks, created or negligently permitted to exist by them for their own private use or benefit. 28 O. Jur., 632, §400; **Clark v. Fry, 8 Oh. St., 358, 72 Am. Dec., 590; Morris v. Woodburn, 57 Oh. St., 330, 48 N. E., 1097; First National Bank of Warren v. Gillen, 73 Oh. St., 394, 78 N. E., 1125** (affirming 7 C. C. (N. S.), 33, 17 C. D., 609); **Hauck v. Mooney, 92 Oh. St., 511, 112 N. E., 1084** (affirming 1 Oh. Ap., 432); **Hawver v. Whalen, 49 Oh St., 69, 29 N. E., 1049, 14 L. R. A., 828.**

" 'If the owner of a lot abutting upon a street of a municipality, for the use of his property, constructs a vault under the sidewalk

over which he negligently places and maintains a defective covering, he is liable, primarily and directly, to one who is injured thereby, notwithstanding the omission by the municipality of the duty imposed upon it by statute to keep the street in repair.' 28 O. Jur., 633, note. See also, **Morris v. Woodburn, supra.**"

As will appear from the authorities hereinafter noted this dual failure of duty renders the parties, each of whom is liable to the pedestrian, joint tort-feasors and the pedestrian injured by the failure of the dual obligation may recover against either the owner or contractor in independent actions or against both joined in one action. In **Richman Brothers Co. v. Miller, 131 Oh. St., 424,** the 1st, 2nd, and 3rd paragraphs of the syllabus are:

"1. Where danger to others is likely to attend the doing of certain work unless care is observed, the person having it to do is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor of his servants.

"2. When a person employs a contractor to do work in a place where the public are in the habit of passing, which work will, unless precautions are taken, cause danger to the public, an obligation, is thrown upon the person who orders the work to be done to see that reasonable precautions are taken to prevent injury.

"3. The duty to refrain from interfering with the right of the public to safe and unimpeded use of highways and streets is one of which an employer cannot divest himself by committing the work to a contractor."

Paragraph 1 of the syllabus in **Warden v. Pennsylvania Rd. Co., 123 Oh. St., 305,** reads:

"1. Where a person employs a contractor upon construction in a place where the public may lawfully pass, which work requires precautions to be taken to safeguard the public against danger, such person owes a duty to see that reasonable precautions are taken, and becomes liable jointly with the contractor for the failure of the latter to exercise due care."

The general rule it is true frees the owner of property from liability for the negligence of the independent contractor unless the activity entailed in the work of the contractor is of such a character as to present a situation containing elements of inherent danger to others. (See opinion in Warden case, p. 306).

Certainly, the work of the contractor in the instant case, involving the raising of the iron grill over the sidewalk, leaving a deep pit, insecurely covered by sheets of metal, so attached as not to be sufficiently secure to bear the weight of a pedestrian and yet being only slightly below the level of the sidewalk, and much the same in appearance, involved an activity containing elements of inherent danger to members of the public exercising their right to safely use the sidewalk. Reasonable minds could only draw one inference from such a situation. The facts as to the physical characteristics involved are not in dispute.

Quoting again from the opinion in the Warden case, at page 308:

"The circumstances surrounding the execution of a contract by an independent contractor might be such that it could properly be stated that, as a matter of law, there would be no liability on the part of the owner. On the other hand, the circumstances might be such as to make it very clear that the owner would carry a legal responsibility for the negligence of the contractor, to be determined by the court without submission to the jury. Between these two extremes, the circumstances may be so complicated that minds might easily differ as to the danger attendant upon the execution of the work, resulting in different conclusions as to the duty of the owner to exercise care to avoid injury to third persons."

The rule laid down in the Warden case is predicated largely if not entirely upon the case of **Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick, 61 Oh. St., 215**, the first paragraph of the syllabus being:

"1. Where danger to others is likely to attend the doing of certain work unless care is observed, the person having it to do, is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants."

In addition to those cases previously noted sustaining the direct liability of the owner of premises to one injured by the negligence of an independent contractor employed to perform a task involving

162

hazard to the public, the following cases are pertinent: Circleville v. Neuding, 41 Oh. St., 465; Railroad Co. v. Morey, 47 Oh. St., 207; Hawver v. Whalen et, 49 Oh. St., 69; Besner v. Central Trust Co., 230 N. Y., 357 (See: Vol. XI (1937) University of Cincinnati Law Review, where the incidents peculiar to these cases are set forth.)

To these should be added also the case of Union Stock Yards Company of Omaha v. Chicago, Burlington & Quincy Rd. Co., 196 U. S., 217, and the case of Continental Casualty Co. v. Ohio Edison Co., 126 Fed. (2d), 423, as reinforcing the conclusion required by the authorities noted—to-wit: that in the instant action the insured owed a duty directly to the public using the sidewalk and that that duty required the insured as owner of the abutting property to refrain from any change in the construction of the sidewalk which would present a hazard to members of the public exercising their right to safely proceed thereon, and that the insured failed in such duty by altering the sidewalk, making openings therein, which, through the negligence of a contractor employed by it, were left unguarded, proximately causing injury to a pedestrian in the rightful use of such sidewalk, and that being thus primarily liable for injuries suffered by such pedestrian through a fall through such unguarded opening, neither the owner of the property nor an insurer subrogated to the rights of such owner may recover from such independent contractor for the negligent act involved contributing also to the injury of the pedestrian.

An examination of the decisions of the Supreme Court since the rule announced in the Warden case was pronounced again, shows no criticism of this holding with one possible exception, not, however, involving any direct comment of the Warden case. In Losito v. Kruse, Jr., 136 Oh. St., 183, at pages 185 et seq., of the opinion statements apparently adverse to the rule are found. In view of the rule prevalent in this state that the syllabus as framed in the facts of the case embodies the law pronounced by the Supreme Court, the binding effect of the rule pronounced in other cases noted must be observed in spite of the contrary implication in the opinion in the Losito case.

The case of Herron v. City of Youngstown, 136 Oh. St., 190, supra, is relied upon by plaintiff as sustaining its contention that the plaintiff in the stead of the insured owner may recover from defendant. That case involved the rights of a municipality to recover from a property owner who created openings in a sidewalk abutting his premises. As before noted, the case is an authority for the direct liability of the property owner to the injured pedestrian. The distinction between the different premises upon which the several liabilities of a municipality, property owner,

and independent contractor are based seem obvious. The city did nothing to induce the property owner to alter the sidewalk to the damage of the pedestrian. In the instant case the contractor was employed to clear out the openings in the sidewalk and did it negligently. He used a situation created by the owner, which, it is true, statically, was harmless, but which was rendered injurious by a combination of two elements—an opening in the sidewalk created by the owner—and, second, the negligent act of the contractor in leaving the opening created by the owner unguarded.

The trial court committed no error in instructing a verdict and the judgment of the Court of Common Pleas is, therefore, affirmed.

HILDEBRANT and MATTHEWS, JJ., concur.