**614**

GOLDLAWR, INCORPORATED,
Appellee,

v.

Jacob J. SHUBERT, Lawrence Shubert Lawrence, John Shubert, Select Theatres Corporation, Modern Theatre Corporation and Barrymore Theatre Corporation, Appellants,

and

L. A. B. Amusement Corporation and William Goldman Theatres, Inc. and William Goldman, Third Party Defendants.

GOLDLAWR, INCORPORATED,
Appellee,

v.

Jacob J. SHUBERT, Lawrence Shubert Lawrence, Select Theatres Corporation, Appellants,

and

L. A. B. Amusement Corporation and William Goldman Theatres, Inc. and William Goldman, Third Party Defendants.

Nos. 12974, 12975.

United States Court of Appeals
Third Circuit.

Argued Jan. 8, 1960.

Decided Feb. 25, 1960.

As Amended March 9, 1960.

As Amended March 25, 1960.

See also 169 F.Supp. 677.

C. Russell Phillips, Philadelphia, Pa. (C. Brewster Rhoads, Philadelphia, Pa., on the brief), for appellants.

Harold E. Kohn, Philadelphia, Pa. (Dolores Korman, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In these anti-trust actions, differing only as to the number of defendants, the trial court granted plaintiff's motion to vacate its ex parte order permitting joinder of third party defendants and dismissing the third party complaint. Finding "no just reason for delay" the court directed entry of judgment in favor of third party defendants, William Goldman and William Goldman Theatres, Inc. in accordance with Rule 54(b) F.R. Civ.P. upon the third party complaint. Defendants appealed from the resultant judgment. Thereafter appellees moved to dismiss the appeal.

The complaints in these causes allege that the defendants monopolize the operation of theatres in the City of Philadelphia and because of their domination, control and monopoly of booking of legitimate attractions both in New York and Philadelphia and elsewhere throughout the United States and because of their control over the production of legitimate attractions are able to and do control and monopolize the operation of theatres in the City of Philadelphia, the booking of legitimate attractions therein, the presentation of such attractions in said theatres and have done so since prior to September 1, 1950. It is alleged that defendants since said date have refused to book attractions into plaintiff's Erlanger Theatre in Philadelphia, have exerted pressure on producers to prevent and restrain them from presenting attractions at that theatre, that defendants are now so engaged and have been since prior to September 1950, that they have conspired to restrain the sale of theatre tickets and charged higher prices therefor because of their said monopoly, that by reason of said monopoly defendants have stifled initiative and development among producers and in the theatre and denied attractions to the public.

The third party complaint states that William Goldman is the president, the owner of the capital stock and in control of William Goldman Theatres, Inc.; that from 1940 to 1950 Goldman Theatres, Inc. was lessee of the Erlanger Theatre, Philadelphia; that it sued a large number of motion picture producers to permit it to show motion pictures, particularly first run pictures, in the Erlanger Theatre and won the suit; that it surrendered its interest in the Erlanger and plaintiff became lessee thereof in 1950; that at that time Goldman owned 50% of plaintiff's stock and since June 1956 has been the owner of all its stock; that Goldman through Goldman Theatres, Inc. and plaintiff abandoned all effort to secure motion pictures for the Erlanger Theatre; that this took place in order that Goldman might secure motion pictures for his other theatres without competition from the Erlanger; that Goldman is widely experienced in the distribution and exhibition of motion pictures and this third party plaintiff (apparently plaintiff Goldlawr is meant) is not. Then the third party complaint in paragraph 14 states:

> "The actions of William Goldman Theatres, Inc., and of William Goldman amounted to and were a conspiracy against the public interest to injure the Plaintiff in its operation of the Erlanger Theatre contrary to the provisions of the Anti-Trust Laws of the United States, and by reason thereof the said William Goldman Theatres, Inc., and William Goldman are jointly and severally liable to the Plaintiff for treble damages in accordance with the provisions of Sections 4, 12 and 16 of the Act of Congress of October 15, 1914, 15 U.S.C. 15, 22 and 26, commonly known as the Clayton Act, and in accordance with the provisions of Sections 1 and 2 of the Act of Congress of July 2, 1890, 15 U.S.C. Sections 1 and 2,

commonly known as the Sherman Anti-Trust Act."

Appellants' main contention on oral argument was that under Pennsylvania law the claim urged in the third party complaint was a joint tort with that alleged against the defendants because it resulted in the same injury which, in appellants' brief, is stated to be "keeping performances out of the Erlanger during the period involved in the principal action" and for which it is claimed contribution should be had because it is for the same injury as sued on in the prime complaint.

This point was not made to the district court until after the latter had filed its opinion and dismissed the third party complaint. It was then asserted in the petition for rehearing "That William Goldman was derelict in his duty as an officer and director of Goldlawr, Inc. This amounted to a tort." [1] The petition was denied without comment.

As above set out in the third party complaint there are certain factual allegations concerning William Goldman Theatres, Inc. and William Goldman. From these the conclusion is drawn that "The actions of William Goldman Theatres, Inc. and of William Goldman amounted to and were a conspiracy against the public interest to injure the Plaintiff in its operation of the Erlanger Theatre contrary to the provisions of the Anti-Trust Laws of the United States, * * *" etc. Nowhere in that third party complaint is a local tort claim even hinted at. The entire cause is based on the Federal Anti-Trust Laws. The treble damages claimed were specifically sought on that ground, the only possible basis for that type of recovery.

Assuming Goldman's alleged conduct was tortious and that it or part of it may have been concurrent with the alleged conduct of the defendants, the two were completely different of themselves and from each other; their objectives and their results were different. They both are said to have caused damage to the plaintiff but this of itself does not make them joint nor does it call for contribution from the third party defendants to the defendants.

The defendants are sued as theatre operators presenting legitimate attractions and controlling the legitimate theatre business of Philadelphia. They are charged with preventing plaintiff's Erlanger Theatre from presenting legitimate attractions to the injury of the plaintiff.

The third party complaint alleges that Goldman and Goldman Theatres, Inc. conspired to see that the latter obtained the first run movies and that the Erlanger did not. As a result they say Goldman and Goldman Theatres, Inc. are liable to plaintiff in treble damages.

Since both sets of claimed torts are declared in the complaints to be actionable solely by reason of federal law there would seem to be strong justification for appellee's contention that the tort asserted to lie in the third party complaint is governed by federal common law [2] with no right of contribution between tort feasors.[3] In any event from the inescapable factual allegations, under the Pennsylvania Act to provide for contribution among tortfeasors, June 24, 1939, P.L. 1075, 12 P.S. § 2081 which was in effect when the alleged tort commenced, and its successor, the Uniform Contribution Among Tortfeasors Act,

1. This was in addition to the original reason (discussed infra) i. e. that Goldman conspired with Goldman Theatres, Inc. to prevent plaintiff from showing movies, particularly first run movies, in violation of the Anti-Trust Laws of the United States.

2. See Dice v. Akron, C. & Y. R. Co., 1952, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398; Stella v. Kaiser, 2 Cir., 1955, 221 F.2d 115, certiorari denied 350 U.S. 835, 76

S.Ct. 71, 100 L.Ed. 745; United States ex rel. Marcus v. Hess, 3 Cir., 1946, 154 F.2d 291; Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 1942, 128 F.2d 645.

3. Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318; Union Stock Yards Co. of Omaha v. Chicago, B. & Q. R. Co., 1905, 196 U.S. 217, 224, 25 S. Ct. 226, 49 L.Ed. 453.

July 19, 1951, P.L. 1130, 12 P.S. § 2082 et seq., there would be no contribution from the third party defendant to the defendants. The former Section 2081 defines joint tortfeasors as "those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." The current Section 2082 gives the definition "two or more persons jointly or severally liable in tort for the same injury to persons or property * * *." Here the alleged injury caused plaintiff, by the defendants preventing the Erlanger from presenting legitimate attractions, was not the separate and distinct injury said to have been caused by the third party defendants' refusal to permit plaintiff to show first run movies.

The original contention of appellants was that which appears in their third party complaint, namely, that Goldman conspired with his Goldman Theatres, Inc. to prevent plaintiff from showing first run movies in violation of the Anti-Trust Laws of the United States. This was argued at length in the district court. The complaint was dismissed on the ground that the Goldman Theatres, Inc. could "not conspire with itself, i. e. its officers, agents and employees". Appellants urge that the district court overlooked the circumstance that Goldman was a shareholder of his corporation. He was indeed a shareholder of Goldman Theatres, Inc.; its only shareholder. But the three cases [4] cited to support a differentiation on account of this from the sound holding in Nelson Radio & Supply Co., Inc. v. Motorola, Inc., 5 Cir., 1952, 200 F.2d 911, 914, certiorari denied 1953, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 [5] do not impinge on the fundamental rule of Nelson. In those three decisions there were separate corporate conspirators. Here there is one, acting

through its proper agent. The reference to the Report of the Attorney General's National Committee to Study the Anti-Trust Laws also refers to two distinct corporations and deals with the opinions referred to by appellant. It does not mention Nelson Radio or attempt to cover the problem before us of the corporation acting through its officer, agent and shareholder.

As we prefer to dispose of this appeal on the merits we have not examined at great length appellee's motion to dismiss. We therefore express no opinion thereon.

The judgment in favor of William Goldman and William Goldman Theatres, Inc. upon the third party complaint filed herein will be affirmed.

---

4. Timken Roller Bearing Co. v. United States, 1951, 341 U.S. 593, 71 S.Ct. 971, 95 L.Ed. 1199; Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 1951, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219; United States v. Yellow Cab Co., 1947, 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010.

5. See Hudson Sales Corp. v. Waldrip, 5 Cir., 1954, 211 F.2d 268, certiorari denied 348 U.S. 821, 75 S.Ct. 34, 99 L.Ed. 648; Whiteley v. Foremost Dairies, Inc., D.C. W.D.Ark.1957, 151 F.Supp. 914, 923, affirmed 8 Cir., 1958, 254 F.2d 36.